NELLIE H. PUTNAM v. WEBSTER F. PUTNAM, JR.

186 So. 517.

Opinion Filed January 31, 1939.

Rehearing Denied March 2, 1939.

*J. M. Flowers* and *Whitfield & Whitfield,* for Appellant; *M. Lewis Hall,* for Appellee.

TERRELL, C. J.,—This appeal is from two decrees in a divorce proceeding, one dated October 13, 1937, and the other dated October 14, 1937. In so far as pertinent to this appeal, the former decree merely refused to modify another decree dated July 13, 1937. The latter decree modified the decree of July 13, 1937, in certain particulars which will be treated in this opinion.

It appears that Appellee was divorced from Appellant by decree dated July 2, 1932. Two minor children being the fruit of the union, each party was given custody of them for six months in the year. One of the children later died and in February, 1937, the decree of divorce was modified to give Appellant custody of the surviving child, M. Helene Putnam, for ten months in the year and the Appellee was awarded her custody for two months in the year, that is to say during the months of July and August. This decree included maintenance in the sum of eighty dollars per month while said child was in the custody of Appellant and the sum of twenty-five dollars per month while she was in the custody of Appellee.

On July 13, 1937, the latter decree was modified to make Appellee's period of custody of M. Helene Putnam run

from July 15 to September 15, rather than the full months of ·July and August. It was further decreed that in the event the said ·M. Helene Putnam refused to comply with the terms of the decree with respect to her custody, all payments by her father for her care and maintenance be suspended. Application for rehearing and motion to modify this decree were denied, except that ·it was modified in certain particulars with reference to maintenance. This appeal was taken from the latter decree.

It is contended that the decree changing the custody of M. Helene Putnam from July 15 to September 15,·was in effect a modification of the divorce decree and should not have been done without due notice to Appellant. It is also contended that that part of the decree suspending payments for support and maintenance of M. Helene Putnam in the event she refused to comply with its terms with reference to her custody by Appellee was erroneous.

The first contention is without merit. The decree complained of merely substituted fifteen days in July for fifteen days in September and did not otherwise modify the divorce decree. It was not material and if it had been the record discloses that Appellant was on notice of the change. It was made as a matter of convenience and does not affect the merits of the cause.

As to the second contention, the record discloses that when the petition for rehearing and for modification were considered, the Chancellor took testimony and found that Appellee had in every respect complied with the decree with respect to paying support and maintenance but that M. Helene Putnam had refused to go into his custody for the two months awarded and that she had asserted that she did not intend at any time to abide·by the decree of the Court in that respect. The Chancellor also found that both Ap-

pellant and Appellee were fit and proper persons to have the custody of said minor.

Had the Chancellor power to suspend the operation of his decree awarding support to M. Helene Putnam because she persistently and arbitrarily refused to obey the terms thereof by going into the custody of her father is in reality the only question involved in this appeal.

It is shown that said minor is sixteen years of age, unusually keen, has made an exceptional record in high school, prefers to live with her mother, and does not intend to go into the custody of her father for two months as required by the decree of the Chancellor.

It is contended that the decree suspending support and maintenance payments was also erroneous because M. Helene Putnam was not a party to the litigation. It is true that the said minor is not a party to the cause but she is at all times in the custody of and subject to the decree of the Court and has been affected by every decree made in the cause. She cannot through her mother implore the Court's protection in one breath and then in the next, deny its power over her because she is not an actual party in the litigation.

The Court has a very broad discretion in the means employed to enforce its decrees. Other means might have been resorted to or employed to enforce recognition of his decree in this case but the means employed were not harsh; they were easy to comply with and no reason whatever is given by the minor or her mother for refusal to comply with the decree.

It is shown that Appellee is a fit and proper person to have the custody of his child, that he is given such custody only two months during vacation, and that he has for years met every requirement of the Court with reference to her support and maintenance. His decree was fair and just and, so far as the record discloses, was

easy to comply with. Failure to do so must be based on something more than an arbitrary refusal; otherwise all decrees will be objects to flout rather than to obey.

Affirmed.

Whitfield, Buford and Chapman, J. J., concur.

Brown, and Thomas, J. J., dissent.