**CHARLES LEO CRAIG v. BEATRICE CRAIG**

26 So. (2nd) 881                                             June Term, 1946
July 12, 1946                                                     Division B

*L. Earl Curry,* for appellant.

*Morton B. Adams,* for appellee.

CHAPMAN, C. J.:

On August 2, 1938, the Circuit Court of Dade County, Florida, upon the petition of Beatrice Craig, entered a final decree of separation between the petitioner and Charles Leo Craig. The custody of Gordon Craig and Gloria Craig, twins and then ten years of age, children born to the marriage, was awarded to Beatrice Craig, the mother, with visitation privileges to the husband and father, Charles Leo Craig. The husband was ordered to pay the wife the sum of $30.00 per week for her support and maintenance. Paragraph IV of the decree provided that the plaintiff (Beatrice Craig) "shall not remove said children beyond the jurisdiction of this Court without special order of the Court." It further provided "that the Court retain jurisdiction of the parties hereto and make such further orders as equity may require."

In the order to show cause dated October 22, 1945, issued on petition of Beatrice Craig and served on the husband, Charles Leo Craig, it was made to appear that he was then due Beatrice Craig under the terms of the final decree of separation *supra* the sum of $8,135.00 and further commanded that he pay said sum within ten days or appear and show cause before the Circuit Court of Dade County, Florida, on October 31, 1945, why judgment should not be entered against him. The order to show cause restrained and enjoined Charles Leo Craig from disposing of or encumbering described real estate

and improvements and equipment located thereon situated in Dade County, Florida, and at the aforesaid time and place show cause why the temporary injunction should not be made permanent.

The respondent, Charles Leo Craig, in answer to the rule to show cause, represented: (1) that Beatrice Craig "deliberately, consistently and maliciously" refused and declined to abide with and conform to the terms of the final decree of separation incumbent upon her to perform and at the time of signing the final decree so advised the court, that she would not obey the decree; (2) that a term of the final decree provided that Beatrice Craig should not remove the two children beyond the jurisdiction of the Court without special order of the court; that Beatrice Craig, in total disregard of the aforesaid provision has spent the greater portion of the time (and the children with her) beyond the jurisdiction of the Court and without obtaining a special order. The respondent saw his children but five times, each of short duration, during the year following the separation. She visited in Maryland, Minnesota and Arizona and upon her return to Miami deliberately withheld the information of her return in order to deprive the respondent of visitation privileges with his children and to alienate the children from the respondent and has been successful in so doing.

(3) The children, now about 18 years of age, to all intents and purposes, are total strangers to respondent—due to the conduct and planned action of Beatrice Craig in disregard of the terms of the final decree. That with but one exception the respondent has not seen his children since the Summer of 1940 and the children refused to see and visit with him. He through chance or accident met his son recently on a street in Miami and asked his son where he and his sister were living and the son refused to say. Respondent has reason to believe his children are in the Miami area but he cannot locate them, and the petitioner nor her counsel will advise or inform the respondent where his children may be located or seen.

(4) Respondent states further that the petitioner does not come into this Court of equity with clean hands as she has

continuously violated the terms of the final decree in that she has by her planned action and conduct deprived the respondent of the visitation privileges with his children authorized by the final decree. That she at no time or occasion has offered to do equity but comes into court to obtain the enforcement of one term of the court's decree while she has persistently and intentionally violated another term or provision of the same decree, to-wit: the visitation privileges with the children by the respondent. That the paternal affection of the children for the respondent has been forever destroyed because of the petitioner's personal animosity toward him. The respondent has, from time to time, contributed thousands of dollars for the support of the petitioner and children but a continuance thereof in the opinion and judgment of the respondent is inequitable and unjust because of the conduct of the petitioner in a planned violation of the terms of the decree.

(5) With reference to the previous appointment by the court of a Receiver for the respondent's property, he respectfully represents that he has not disposed of or encumbered his property and it is not his intention so to do; and that the income therefrom constitutes his sole means of livelihood; that he is operating and managing the property in an efficient and businesslike manner and the cost and expense of a Receiver therefor is an unnecessary waste; that the showing of the relator in this cause is legally insufficient to justify the court in appointing a Receiver for the property or the issuance of a restraining order.

It was the conclusion of the court below that the answer by the respondent to the rule issued to show cause failed to state any legal defense and therefore the relief prayed for therein should be denied; the respondent was adjudged guilty of contempt and ordered confined in the jail of Dade County for a period of ten days, but was allowed to purge himself by making certain payments of arrears of alimony found by the court to be due in the amount of $6,090.00, under the final decree of separation dated August 2, 1938. From this decree Charles Leo Graig appealed.

Section 65.15, Fla. Stats. 1941 (FSA), provided that the courts shall have the power in any suit for divorce or alimony

714

at any stage of the cause to make appropriate orders touching the care, custody and maintenance of the children of the marriage . . . as from the circumstances of the parties and the nature of the case may be fit, equitable and just . . . Section 65.10, (FSA) authorizes the filing of a bill of complaint in chancery against the husband by the wife for contribution or maintenance by the husband of the wife and minor children unconnected with causes of divorce. Such suits shall be prosecuted as other chancery suits. In the case of Wood v. Wood, 56 Fla. 882, 47 So. 560, we held that a suit for alimony and suit money not connected with divorce was an equitable proceeding. Courts of equity have the power of modifying interlocutory orders allowing alimony though made by consent of the parties. Duss v. Duss, 92 Fla. 1081, 111 So. 382.

The case of Kester v. Bostwick, 153 Fla. 437, 15 So. (2nd) 201, involved an accounting between the parties. Kester acquired a tax deed to 48 lots in Pompano Beach, went into possession, graded, paved and landscaped the lots and constructed 32 dwellings and 29 garages, and the value of the improvements totalled more than $100,000.00. The legal owner of the land *supra* in an ejectment suit and the costs of these improvements became a pertinent question. We held that an accounting for mesne profits may be had in favor of the original owner on the equitable doctrine or principle that "he who seeks equity must do equity." This court applied the clean hands doctrine in the case of Blanton v. Blanton, 154 Fla. 750, 18 So. (2nd) 902, being an application for the modification of a decree of alimony where the husband had not paid all back due payments or by an appropriate proceeding establish his inability to pay arrearages of alimony.

The respondent's answer to the rule to show cause set up the fact that the petitioner (Beatrice Craig) was in a court of equity praying for the enforcement of past due alimony payments and by a planned action on her part she "deliberately, consistently and maliciously" refused and declined to abide by or conform with a provision of the same decree conferring visitation privileges of the two children born to the marriage upon the husband respondent. The answer alleged that she took the children from the jurisdiction of the Court;

that she declined to apprise the respondent of their whereabouts; that her line of conduct, because of her animosity for her husband, had been successful in the permanent alienation of their affection for their father, the respondent; that no lawful reason existed for the appointment of a Receiver for respondent's property and it was an unnecessary waste of money; that the conduct of the petitioner, as set out in the answer, established the fact that she was in a court of equity with unclean hands and by the record in the case at bar it appears that she has violated the equitable maxim of "he who seeks equity must do equity."

Pomeroy's Equity Jurisprudence, Vol. 2 (5th Ed.) 51 to 143, pars. 385 to 404, treats exhaustively of these equitable maxims and gives many instances or examples of their application. Section 393d (Pomeroy's Equity Jurisprudence *supra*) in considering the maxim of "he who seeks equity must do equity" cites the case of a divorced wife who refused to permit her child to visit its father, as provided by the decree of divorce, was not entitled to the aid of a court of equity in collecting alimony until compliance with the decree. Williams v. Williams, 167 Miss. 115, 148 So. 358, 88 A.L.R. 197, and annotations at Page 199. The refusal or failure of the wife to comply with the provisions of the support decree may be urged against her in opposition for a rule to show cause to be issued against her husband why he should not be adjudged in contempt for his failure to make required payments. 27 C.J.S. 1230; Barnaby v. Barnaby, 290 Mich. 335, 287 N.W. 535; Tillinghast v. Clay, 152 Ga. 816, 111 S. E. 384; 17 Am. Jur. 516, par. 681.

In light of the authorities cited, it is our view and we so hold, that the answer of the respondent directed to the rule to show cause previously served upon him contains sufficient legal allegations and, if established by competent testimony, the same will constitute a sufficient legal defense, and it was error for the learned Chancellor below to hold otherwise. The final decree or judgment appealed from is reversed with directions for further proceedings in the lower court not inconsistent with the views herein expressed.

BROWN, THOMAS and SEBRING, JJ., concur.