108 So.2d 63 (1958)
Katherine A. CORTINA, Appellant,
v.
Fred A. CORTINA, Appellee.
No. 655.
District Court of Appeal of Florida. Second District.
December 19, 1958.
Rehearing Denied January 20, 1959.
Paul B. Johnson, Tampa, for appellant.
J.W. Dupree, Tampa, for appellee.
ALLEN, Judge.
This is an appeal from an order subsequent to the final decree in a divorce suit. Katherine A. Cortina filed suit for divorce against her husband, Fred A. Cortina, in April, 1955. The husband filed a counterclaim also seeking a divorce. A final decree was entered in December, 1955, granting Fred A. Cortina a divorce, giving custody of a daughter to the mother, Katherine A. Cortina, and requiring child support and certain mortgage payments from the husband-father.
Two months later, Fred A. Cortina instituted contempt proceedings for alleged violation of the decree provisions by the wife, and the chancellor modified the decree, as to support and mortgage payments, by an order dated February 3, 1956. Katherine A. Cortina appealed to the Florida Supreme Court, and that Court held that the chancellor's amendatory order of February 3, 1956, was, "at least, voidable" because the issues presented by the contempt proceeding did not include the issues determined by the amendatory order. See Cortina v. Cortina, Fla. 1957, 98 So.2d 334.
Subsequent to the return of the mandate, Fred A. Cortina filed a petition for modification of the original decree. After hearing, the chancellor again amended the final decree by relieving defendant of any financial obligation to plaintiff, Katherine A. Cortina, or to the parties' nineteen year old daughter. This order was entered March 13, 1958, and is the subject of the appeal to this court.
The defendant's petition for amendment of the final decree stated, as grounds, the allegations that he had been denied visitation rights since entry of the final decree and that he was financially destitute.
Testimony was taken before the court, at which time a medical witness testified against permitting the husband-father to see the subject child. The testimony of the parties was also taken.
Fred A. Cortina testified that he was deeply in debt for money borrowed, that he was not able to make the payments, and was physically incapacitated. The lower court concluded from the testimony that the reason visitation was denied was the fault of the daughter, "which the mother, who is the plaintiff here, does not intend to correct."
*64 The court, in its decree, said:
"There are two fundamental musts in handling a case of this kind. The first is that the father must support his child. The second is that if he does support the child, he shall have the right to see the child. Since the mother and the child in this case have expressed the view that the child shall not see the father, it is
"Ordered, Adjudged And Decreed that the part of the decree requiring the defendant to pay $10.00 per week toward the support of the child is hereby revoked.
* * * * * *
"If the mother and the child decide that the decree shall be complied with by giving to the father a reasonable visitation with his child and that matter is then reported to the Court, I will further amend the decree to provide for support money and that the father of the child shall make the payments on the property, as provided in the original decree."
We do not concur with the chancellor below in that part of his opinion in which he stated that there were two fundamental musts in a case of this kind; first, the father must support his child, and second, that if he does support the child, he shall have the right to see the child. We grant that, ordinarily, this is a correct statement, yet, like so many rules, it is subject to exceptions. Cases may arise in which a duty would lie on the father to support his child, yet, for various sociological, psychiatric and other reasons, it would not be advisable for the child to visit the father.
Authority for the judge's order that support money may be cancelled for refusal of visitation rights by the mother may be found in the following cases: Craig v. Craig, 1946, 157 Fla. 710, 26 So.2d 881; Williams v. Williams, 1933, 167 Miss. 115, 148 So. 358, 88 A.L.R. 197; and Putnam v. Putnam, 1939, 136 Fla. 220, 186 So. 517.
It should go without saying that the decision of this court upholding the chancellor below is without prejudice to any subsequent motion made by the appellant-mother to modify the order appealed from in this case due to a changed condition of the child or other circumstances in the case, as the chancellor below specifically provided in the decree that if the mother and child comply with the decree by giving the father reasonable visitation rights with his child and report the same to the court, the decree will then be amended to provide for support or other monies.
Affirmed.
KANNER, C.J., and SHANNON, J., concur.