118 So.2d 106 (1960)
Helen S. HARDY, Appellant,
v.
John R. HARDY, Appellee.
No. B-197.
District Court of Appeal of Florida. First District.
February 4, 1960.
Edward H. Robinson, Jacksonville, for appellant.
No appearance for appellee.
FUSSELL, Associate Judge.
Helen S. Hardy appeals from an order decreeing that the appellee, John R. Hardy, be not required to pay delinquent alimony and support money for his three minor children, and awarding her attorney $25 as a reasonable attorney's fee.
*107 A final decree of divorce was entered between the parties on August 2, 1957. This decree awarded the custody of the three minor children to the wife, with right of visitation by the father at periods definitely set out in the decree. The decree also awarded the appellant $50 per week for alimony and support money. On September 13, 1957, this decree was modified by increasing the alimony and support money to $53 per week.
On October 9, 1958, appellant filed a petition for rule to show cause, alleging that the appellee was delinquent in his alimony and support money payments, and requesting attorney's fee for her attorney. A hearing was had on this petition and the order from which this appeal was taken was entered on March 12, 1959.
The court in its order found that the appellee was in arrears on his alimony and support payments in the amount of $371, and also found that the appellant had failed to give to the appellee visitation privileges as ordered by the prior decrees. It appears from the record that this case had caused the court a great deal of trouble by reason of the bickering and personal ill-feeling between the parties. A prior order had required the appellant to return the children from Alabama where she had taken them and deprived the appellee of his visitation privileges. Apparently many other difficulties arose between the parties which repeatedly caused action by the court and required the court order to be more specific and in detail in order to prevent its circumvention of technical violation, as each of the parties attempted to vent his spite and ill-feeling on the other.
Appellant maintains on her appeal that the lower court was without authority to enter this order not requiring the appellee to pay $371, which the court found to be delinquent in alimony and support payments, and that the court also erred in allowing her attorney the sum of $25 which she contends is wholly inadequate for the services he performed. There is no evidence that the children have or will suffer by reason of the failure of appellee to pay this delinquent amount as the wife was apparently able to furnish this support for herself and children from her own resources.
Attention is called first to the failure of the decree to award separately the amount allowed for alimony and the amount allowed for support of the three minor children. Separate amounts should be awarded for alimony and for support of each minor child in all cases.
Our Supreme Court in the case of Zalka v. Zalka, Fla. 1958, 100 So.2d 157, has held that an undivided award for alimony and child support is not void, but that each party is entitled to appeal at any time for an allocation of a specific amount for alimony and for child support. See also Katiba v. Katiba, Fla.App., 110 So.2d 693; and Sheppard v. Sheppard, Fla. 1950, 45 So.2d 505.
Insofar as alimony is concerned, we feel that that part of the order appealed from which decreed that the appellee be not required to pay past due alimony was in error. The case of Fowler v. Fowler, Fla. 1959, 112 So.2d 411, 414, is decisive of this question. In this case the lower court had cancelled past due alimony and refused future alimony payments on petition of the husband for modification because of invidious and vindictive action of the wife, of which the lower court found the wife to be guilty, and which is also found to have caused a reduction in the husband's income. We reversed the lower court, and Acting Chief Judge Wigginton, said:
"(9-11) The statute authorizes modification of an alimony decree only upon a clear showing that the circumstances of the parties or the financial ability of the husband have changed since the entry of the decree. Where the amount of alimony decreed is based upon an agreement freely entered into between the parties, a heavier burden rests upon the husband to justify a modification. *108 A reduction of the husband's income on any account will not in itself justify a modification in the alimony requirements of the decree. Husband's financial incapacity to continue the payment of alimony in the amount ordered by the decree must be shown if the court is to make such order as justice and equity may require. A modification decree cancelling husband's obligation to pay alimony to his wife cannot be justified solely on the basis of a penalty imposed because of her inequitable conduct which contributes to a diminution in husband's income."
The statute referred to in the Fowler case, supra, is Florida Statute § 65.15, F.S.A., the pertinent provisions of which are as follows:
"65.15 Modification of alimony decrees, agreements, etc.  Whenever any husband and wife * * * shall have entered into any agreement providing for the payments for, or in lieu of, separate support, maintenance or alimony * * *, or whenever any husband has pursuant to the decree of any court of competent jurisdiction been required to make to his wife any such payments, and the circumstances of the parties or the financial ability of the husband shall have been changed since the execution of such agreement, or the rendition of such decree, either party may apply to the circuit court * * * for an order and judgment decreasing or increasing the amount of such separate support, maintenance or alimony, and the court, * * *, shall make such order and judgment as justice and equity shall require, with due regard to the changed circumstances and the financial ability of the husband, * * *. (Emphasis supplied)
"Thereafter the husband shall pay and be liable to pay the amount of separate support, maintenance, or alimony directed in such order and judgment, * * * and such agreement, or such decree, for the purpose of all actions or proceedings of every nature and wherever instituted * * *, shall be deemed to be, and shall be, modified accordingly, and it shall be unlawful to commence, or cause to be commenced * * * in any court any action or proceeding otherwise than as herein provided, nor shall any court have jurisdiction to entertain any action or proceeding otherwise than as herein provided to enforce the recovery of separate support, maintenance or alimony otherwise than pursuant to such order and judgment."
By reason of the above Florida Statute and the prior decisions as cited and quoted, that portion of the weekly award which the lower court may decide shall be paid to the appellant as alimony, was improperly cancelled, and it was error to not require the appellee to pay this delinquent alimony since, under the testimony, there was no showing either that the needs of the appellant or the ability of the appellee had changed.
A different situation exists as to that portion of the weekly award which applies to support of the children. There is no agreement between the parties, nor is there any Florida statute which states the grounds upon which the court has authority to modify or cancel payment for such support. The power of the court in this regard is, therefore, determined by the court itself, and prior decisions of our Supreme Court indicate that the lower court has authority to modify, discharge, refuse to enforce, change or place upon condition payments of support from the father to the mother of minor children which have been awarded to her custody. Our courts have apparently felt that this is a proper, practical method of penalizing the mother and enforcing a decree of the court granting visitation privileges to the father, where the mother willfully removes the children from the State or refuses or prevents the *109 father from exercising his right of visitation to his children as granted to him by the court. Naturally, there should be no abuse of discretion on the part of the lower court in exercising its power to thus enforce its decree, and the court should not refuse to require these payments for the support of the minor children where the children will thus be required to suffer. However, our courts have held that the father has a legal duty to support the children, no matter what the financial ability of the mother might be, and it does not seem unfair for the court to refuse to require the father to pay support money to reimburse the mother for the care of the minor children where she has willfully and spitefully violated the order of the court and refused the father his right of visitation with his children.
A review of the Florida cases of this or similar situations discloses the following:
In the case of Putnam v. Putnam, 1939, 136 Fla. 220, 186 So. 517, 518, the decree of the court as modified gave the husband custody of a sixteen year old daughter from July 15 to September 15 in each year, and gave custody to the mother for the remainder of the year. It required support money of $80 per month while the daughter was in the custody of her mother and $25 per month while in the custody of her father. The decree also provided that in the event the daughter refused to comply with these custody provisions all payments for her support would be suspended. Justice Terrell, speaking for the Supreme Court in this case, said:
"It is shown that said minor is sixteen years of age, unusually keen, has made an exceptional record in high school, prefers to live with her mother, and does not intend to go into the custody of her father for two months as required by the decree of the Chancellor. * * *
"The Court has a very broad discretion in the means employed to enforce its decrees. Other means might have been resorted to or employed to enforce recognition of his decree in this case but the means employed were not harsh; they were easy to comply with and no reason whatever is given by the minor or her mother for refusal to comply with the decree.
"(5) It is shown that appellee is a fit and proper person to have the custody of his child, that he is given such custody only two months during vacation, and that he has for years met every requirement of the Court with reference to her support and maintenance. His decree was fair and just and, so far as the record discloses, was easy to comply with. Failure to do so must be based on something more than an arbitrary refusal; otherwise all decrees will be objects to flout rather than to obey."
This case is not identical with the instant case as there is no question involved here of cancelling and discharging an accumulated delinquent indebtedness as ordered by the court. It does definitely determine, however, that the lower court has authority to provide in the decree that support payments be suspended in the event of a refusal to comply with the custody provisions of the decree.
The remaining matter to be determined in this case is whether the lower court can cancel and discharge an accumulated indebtedness for support of a minor child where the mother has failed or refused to comply with the custody provisions of the decree. The reasons given by Justice Terrell in the Putnam case, supra, that "the Court has a very broad discretion in the means to employ to enforce its decrees" and "failure to do so (obey the custody decree) must be based on something more than an arbitrary refusal; otherwise all decrees will be objects to flout rather than to obey" would seem to be as much or more applicable or potent as grounds to cancel, discharge or refuse to enforce support payments *110 already accumulated as they would be to suspend future support payments.
Argument that the children should not be penalized for the fault of their mother goes rather to the exercise of a sound discretion by the lower court in any particular case than as to whether or not the lower court has authority to cancel and discharge or refuse to enforce such accumulated support payments. Of course, in the Putnam case, supra, the minor daughter herself as well as her mother has refused to comply with the court order as to her custody.
The next case dealing with this subject is Craig v. Craig, 1946, 157 Fla. 710, 26 So.2d 881, and the issue as to the power of the court to refuse to enforce payments of delinquent support payments to a wife who has failed and refused to comply with the provisions of the same court decree, was squarely presented and decided by the Supreme Court in this case.
A divorce decree had awarded the custody of the minor children to the mother, with visitation privileges to the father; ordered the husband to pay the wife $30 per week for her support and maintenance; provided that the wife "shall not remove said children beyond the jurisdiction of the court without special order of the court"; and that the court retain jurisdiction of the parties hereto and make such further orders as equity may require."
In answer to an order to show cause the husband set up the willful and flagrant disregard by the wife of that portion of the decree of the court dealing with removal of the minors from the State, and also the visitation privileges of the husband.
The lower court ruled that the answer of the husband failed to state a legal defense and adjudged the father to be guilty of contempt and ordered him confined in jail for ten days, with privilege to purge himself by paying to the wife $6090.00 which the court found to be due her as arrears in alimony payments.
The Supreme Court reversed the lower court and cited as authority therefor the following [157 Fla. 710, 26 So.2d 883]:
"(2) Pomeroy's Equity Jurisprudence, Vol. 2, 5th Ed., 51 to 143, pars. 385 to 404, treats exhaustively of these equitable maxims and gives many instances or examples of their application. Section 393d (Pomeroy's Equity Jurisprudence, supra) in considering the maxim of `he who seeks equity must do equity' cites the case of a divorced wife who refused to permit her child to visit its father, as provided by the decree of divorce, was not entitled to the aid of a court of equity in collecting alimony until compliance with the decree. Williams v. Williams, 167 Miss. 115, 148 So. 358, 88 A.L.R. 197, and annotations at page 199. The refusal or failure of the wife to comply with the provisions of the support decree may be urged against her in opposition for a rule to show cause to be issued against her husband why he should not be adjudged in contempt for his failure to make required payments. 27 [B] C.J.S. Divorce § 321; Barnaby v. Barnaby, 290 Mich. 335, 287 N.W. 535; Tillinghast v. Clay, 152 Ga. 816, 111 S.E. 384; 17 Am.Jur. 516, par. 681.
"(3) In light of the authorities cited, it is our view and we so hold, that the answer of the respondent directed to the rule to show cause previously served upon him contains sufficient legal allegations and, if established by competent testimony, the same will constitute a sufficient legal defense, and it was error for the learned Chancellor below to hold otherwise. The final decree or judgment appealed from is reversed with directions for further proceedings in the lower court not inconsistent with the views herein expressed."
The Supreme Court next considered this matter in the case of Satterfield v. Satterfield, Fla. 1949, 39 So.2d 72. In this case *111 the court ordered custody of the two minor children to the wife with visitation privileges to the father. The decree required the husband to pay $35 per week as alimony, maintenance and support money to his wife and minor children. After a hearing on rule to show cause why he should not be adjudged in contempt, the court found the husband was indebted to his wife for $4,735 for arrears in alimony, support and maintenance and entered judgment for this amount against him. The court also adjudged him in contempt of court for failure to pay this money and ordered him imprisoned in the county jail for 30 days. The Supreme Court on appeal held that the evidence failed to show that the husband was able to pay or had willfully or intentionally refused to obey the order requiring payment of alimony. The court then said:
"* * * The father has been deprived by the respondent of visitation privileges with his sons authorized by the decree by removing them to Birmingham, Alabama. She invoked the jurisdiction of the court below and obtained her former husband's commitment to jail knowing that she had not obeyed the terms of the decree. See Craig v. Craig, 157 Fla. 710, 26 So.2d 881."
The latest case on this subject is Cortina v. Cortina, 1959, 108 So.2d 63, 64, decided by the Second District Court of Appeal. In this case the court modified its final decree by revoking that part which ordered the husband to pay $10 per week for the support of their nineteen year old daughter, the court stating that this was done "since the mother and the child in this case have expressed the view that the child shall not see the father". The appellate court upheld this decree of modification on the above ground as well as because the evidence indicated that the husband had not been financially able to pay. As to the matter of denial of visitation privileges, the court said:
"(2) Authority for the judge's order that support money may be cancelled for refusal of visitation rights by the mother may be found in the following cases: Craig v. Craig, 1946, 157 Fla. 710, 26 So.2d 881; Williams v. Williams, 1933, 167 Miss. 115, 148 So. 358, 88 A.L.R. 197; and Putnam v. Putnam, 1939, 136 Fla. 220, 186 So. 517."
The final question presented by this appeal is the adequacy of the court's award of $25 for the services of the attorney for the appellant. There does not appear in the record any testimony as to what a reasonable fee for appellant's attorney would be, nor does it appear clear to the court from this record the extent of the services performed by appellant's attorney. The awarding of attorney fees is a matter of discretion in the lower court and the burden of showing abuse of this discretion is upon the appellant. Since the record fails to show any testimony with regard to the work performed, or what constitutes a reasonable value for such services, appellant has failed to carry this burden. Dworkis v. Dworkis, Fla. 1959, 111 So.2d 70.
The decree of the lower court is reversed with directions to the lower court to enter its decree allocating a portion of the weekly award to alimony and the remainder to support for the minor children. The decree of the lower court should either enter a judgment against the appellee for the amount allocated to alimony and which the court may find delinquent, or enter a decree finding the appellee in contempt of court for failure to pay alimony, or such other decree of enforcement of the alimony payments as it shall find proper. The lower court is authorized to take further testimony as it may consider advisable as to attorney's fees or other matters, and enter proper decree thereon, not inconsistent with this opinion.
Reversed and remanded.
WIGGINTON, Chief Judge, and CARROLL, DONALD, J., concur.