147 So.2d 545 (1962)
Darrel W. DENTON, Appellant,
v.
Mildred DENTON, Appellee.
Nos. 3013 and 3053.
District Court of Appeal of Florida. Second District.
December 7, 1962.
*546 Edward C. Flood, Bartow, for appellant.
No brief for appellee.
PER CURIAM.
Darrel W. Denton, defendant below in a divorce case, appeals two post-decretal orders pertaining to child custody and support and the defendant's right of visitation with his children. The final decree granted the divorce and awarded primary custody of the two children to Mildred Denton, the mother and appellee herein. We note with disapproval that no brief has been filed on behalf of the appellee. See Hunt v. Smith, Fla.App. 1962, 137 So.2d 232; Nusbaum v. Riskin, Fla.App. 1961, 136 So.2d 1.
The defendant at first was ordered to make weekly payments of $25.00 which were later reduced to $17.50 and the defendant allowed Saturday visitation rights. Plaintiff Mildred Denton failed to cooperate with respect to the visitation privileges of the defendant. On May 16, 1961 the defendant sought, by formal petition, cancellation of the support payments so long as the plaintiff frustrated his attempts to visit his children according to the provisions of the order.
After several hearings the chancellor ordered the plaintiff to deliver the children to the defendant in front of plaintiff's dwelling. This also proved ineffectual and the defendant withheld support payments. On November 10, 1961, pending contempt proceedings instituted by the plaintiff, the chancellor terminated the weekly visitation privileges of the defendant and granted him custody of the children only during the summer months. This change was not requested by either party, but the chancellor noted that enforcement of the existing order had not been for the best interest of the children. This order further directed *547 defendant to pay all the arrearage and to continue making weekly payments except during the summer months when the children would be in his custody. The first appeal is from this order.
On December 22, 1961 the plaintiff petitioned for an order adjudging the defendant in contempt for willfully refusing to make support payments. The defendant moved to strike this petition and, on December 27, 1961, the chancellor ordered the defendant to show cause why he should not be adjudged in contempt. This order commented on the various difficulties encountered in the enforcement of the visitation privileges previously decreed. It was these difficulties, together with other considerations, which prompted the chancellor in the order of November 10, 1961 to revise the visitation schedule as indicated. In this respect we find some irregularity of procedure but no abuse of discretion and no fundamental error.
The defendant answered the rule nisi alleging inter alia that the order of November 10, 1961 wrongfully directed him to pay all support arrearage within one month notwithstanding the fact that the plaintiff had been derelict by not cooperating with respect to defendant's visitation privileges. The chancellor recognized that the defendant's contention in this respect was "in part reasonable"  presumably in relation to arrearage as of November 10, 1961; but he did not grant the defendant any relief with respect to said arrearage. On January 22, 1962 the defendant was adjudged in contempt and ordered to pay a fine of $500.00 or serve six months in jail. The order further provided, however, that these alternative penalties would be superseded should the defendant pay $17.50 each week to the plaintiff as child support and post a $500.00 bond conditioned to indemnify the plaintiff for costs and attorney's fees in the event of appeal. The second appeal is from this order.
The December 27, 1961 order to show cause noted the defendant's contention that he should be relieved of payments during the period that the plaintiff herself failed to honor the terms of the court's order. The chancellor observed, as already stated, that this contention was "in part reasonable," but he felt that the children should not be deprived of necessary food and clothing because of the fault of either parent. The order then required the defendant to show cause why he should not be adjudged in contempt for failure to pay arrearage from August 15, 1961 to that date.
We observe here that provision for current and prospective requirements of the children could have been ordered without compelling payment of arrearage in accordance with the tenor of the original order. Avoidance of such hardship ordinarily may be accomplished through adequate current and prospective payments without reference to the payment of any particular lump sum to cover arrearage. We think the defendant was entitled to some relief in relation to the time that the plaintiff herself was in default. The plaintiff as well as the defendant must honor the orders and judgments of the court, and the courts should liberally utilize the available and reasonable means of enforcing their judgments and decrees.
The able chancellor labored hard and frequently to obtain the cooperation of the parents for the best interests of the children. Essentially we find no fault with his efforts to that end except insofar as the appealed orders required the defendant to pay all back installments of support including those which accrued while the plaintiff was impeding the defendant's visitation rights. It is noted once again that the chancellor recognized such obstruction on the part of the plaintiff as evidenced by the following language of the order of November 10, 1961:
"The matter has been before this Court on many occasions and has, I fear, been in large part due to the failure of the mother to encourage and *548 prepare the children for visitation with the father * * *."
Judicial opinion in Florida strongly supports the view that where a father is granted visitation rights with correlative obligations to make support payments for his children, he ordinarily should not be required to make such payments so long as the mother, having the primary custody of the children, fails or refuses to accord him the visitation privileges so granted. This is designed to compel mutual compliance. See and compare Hardy v. Hardy, Fla.App. 1960, 118 So.2d 106; Cortina v. Cortina, Fla.App. 1959, 108 So.2d 63; Craig v. Craig, 1946, 157 Fla. 710, 26 So.2d 881; Blanton v. Blanton, 1944, 154 Fla. 750, 18 So.2d 902; Putnam v. Putnam, 1939, 136 Fla. 220, 186 So. 517. In Satterfield v. Satterfield, Fla. 1949, 39 So.2d 72, the father was jailed for contempt for failing to pay child support. The Supreme Court of Florida held that the evidence failed to establish that the defendant had willfully and intentionally refused to obey the order and further:
"* * * The father has been deprived by the respondent of visitation privileges with his sons authorized by the decree by removing them to Birmingham, Alabama. She invoked the jurisdiction of the court below and obtained her former husband's commitment to jail knowing that she had not obeyed the terms of the decree. See Craig v. Craig, 157 Fla. 710, 26 So.2d 881." (Emphasis added)
In Cortina v. Cortina, supra, the chancellor found that the father was denied visitation rights by fault of the nineteen year old daughter, which fault the mother did not intend to correct. The chancellor ordered that the portion of the decree requiring the father to pay child support be revoked; but if the mother and child should decide to comply by accommodating the father's reasonable visitation rights, the decree would be amended to reinstate the support provision. This was affirmed on appeal under authority of the landmark case of Craig v. Craig, supra; Williams v. Williams, 1933, 167 Miss. 115, 148 So. 358, 88 A.L.R. 197; and Putnam v. Putnam, 1939, 136 Fla. 220, 186 So. 517. In the light of the foregoing authorities the defendant, in the order of November 10, 1961, should not have been required to pay all arrearage from August 15, 1961 to November 10, 1961, the period that the plaintiff failed or refused to comply with the prior order granting weekly visitation rights to the defendant. We deem it unnecessary to discuss other points raised on appeal.
We conclude that the orders under review should be modified in accordance with the views and conclusions herein expressed. The orders accordingly are reversed and the cause remanded for that purpose.
KANNER, Acting C.J., and WHITE and SMITH, JJ., concur.