198 So.2d 348 (1967)
Joan Claire Hender WARRICK (Formerly Known As Joan Claire Hender), Appellant,
v.
Robert Sherman HENDER, Appellee.
No. 121.
District Court of Appeal of Florida. Fourth District.
May 3, 1967.
*349 William T. Moore, of Moore & Wood, Ormond Beach, for appellant.
Mack N. Cleveland, Jr., of Cleveland, Stephenson & Mize, Sanford, and Edward J. Hanlon, Jr., Winter Garden, for appellee.
WILLIS, BEN C., Associate Judge.
The appellant-mother, the plaintiff in a divorce action against the appellee-father, appeals from an adverse order of the trial court rendered subsequent to a hearing on a post-decretal show cause order involving allegedly delinquent payments of child support which had been ordered in the final decree of divorce. Undisputedly the father had not paid the specified $200 per month child support for the period March 1961-October 1964. The trial judge found that the appellee-father was delinquent for the months of September and October 1964 and ordered him to forthwith and immediately make such payments to the appellant-mother. However, he also found that the mother had "waived all support payments due from" the father for the period of non-payment prior to September and October 1964 and adjudged "the necessity for the * * * [father] making the payment of *350 such total amount is hereby waived by this Order." The "total amount" obviously referred to the unpaid sums accruing prior to September 1964.
The appellant contends that the sums for child support which had accrued subsequent to the final decree became vested in her and that the court is without power to retroactively modify same so as to deprive her of that vested right. The appellee contends that the power of a chancellor to make equitable dispositions in cases of this kind fully clothe the trial judge with discretionary authority to relieve the father of the obligation when the equities of the parties require it.
The proceeding before the trial court was essentially to determine the sufficiency of the father's reasons for his failure to make the payments as ordered. In addition to the adjudications in the instant order already mentioned, there is an award of an attorney's fee, mention of rights of visitation, and specification of place of payment of future installments. The only matter before this court on appeal is the portion of the order which in effect completely relieved the father of payment of the unpaid sums which would have accrued during the period prior to September 1964.
Ordinarily, the mother of minor children for whom there is provided in a divorce decree periodic payments to be made by the father for the children's support acquires a vested right in past due installments. Blanton v. Blanton, 1944, 154 Fla. 750, 18 So.2d 902; Pottinger v. Pottinger, 1938, 133 Fla. 442, 182 So. 762; Van Loon v. Van Loon, 1938, 132 Fla. 535, 182 So. 205. See also Andruss v. Andruss, 1940, 144 Fla. 641, 198 So. 213, for a similar holding with regard to alimony.
Where rights have vested or been acquired in good faith under a final decree the courts generally refuse to stay or withhold execution of the decree. Pottinger v. Pottinger, supra.
In Pottinger the Supreme Court refused to disturb the ruling of the trial court which had declined to relieve against past installments and held the trial court was without authority to modify the original decree so as to affect the past due installments "as rights have become vested thereunder, and it is not shown by the record that there has been any radical change in the conditions of the parties". However, in Pottinger it was observed (quoting from a special concurring opinion in Van Loon v. Van Loon, supra) "that by virtue of the general power of a court to control its own processes the court may, for strong equitable reasons, growing out of radically changed circumstances, refuse to enforce its decree by issuance of execution or by contempt or ne exeat proceedings against a party in default".
The particular circumstances in the case sub judice which apparently persuaded the chancellor to decline to enforce payment of most of the past due installments arise out of the conduct and attitude of the appellant's second husband in which the appellant acquiesced. It was shown that upon appellant's remarriage in April 1961, the new husband was emphatic in insisting that the appellee be completely out of the picture, that he have no contact with the appellant or the children, and furthermore he insisted on assuming the responsibility for the support of the children and did provide adequately such support. He made it clear that contributions from the appellee would be unwelcome. This continued until August 1964 at which time the husband disappeared. It was after her husband's departure that appellant sought to enforce the support money provisions against appellee. During the regime of the second marriage and before the husband's disappearance, visitation and contact of the appellee with his children was virtually non-existent, though under the divorce decree he had been granted the right of reasonable visitation with the children at reasonable times and places. The children adopted the name of the stepfather, and he insisted on completely *351 and exclusively performing the role of their father. Though the appellant may not have actively initiated the program of exclusion of the appellee from the children, it is clear that she acquiesced in her husband's wishes and his actions.
The chancellor concluded that the appellant mother had waived the right to support payments during the time her now departed husband dominated the household. This result, if not the precise reasoning, appears to be fully in accord with the principle set forth in Denton v. Denton, Fla.App. 1962, 147 So.2d 545, 548, namely:
"Judicial opinion in Florida strongly supports the view that where a father is granted visitation rights with correlative obligations to make support payments for his children, he ordinarily should not be required to make such payments so long as the mother, having the primary custody of the children, fails or refuses to accord him the visitation privileges so granted. This is designed to compel mutual compliance. * * *"
In the Denton case it was held to be improper to order the divorced father to pay all arrearages in child support payments, including those which accrued while the mother, having primary custody of the children, failed or refused to comply with the order granting the father weekly visitation rights. In accord is Hardy v. Hardy, Fla.App. 1960, 118 So.2d 106; in Craig v. Craig, 1946, 157 Fla. 710, 26 So.2d 881, it is stated by the Supreme Court:
"* * * The refusal or failure of the wife to comply with the provisions of the support decree may be urged against her in opposition for a rule to show cause to be issued against her husband why he should not be adjudged in contempt for his failure to make required payments. * * *"
See and compare Cortina v. Cortina, Fla. App. 1958, 108 So.2d 63; Putnam v. Putnam, 1939, 136 Fla. 220, 186 So. 517; and Satterfield v. Satterfield, Fla. 1949, 39 So.2d 72.
The foregoing authorities amply demonstrate the soundness of the order under attack. However, since the chancellor based his conclusions on a waiver by the appellant-mother to the unpaid installments during the time she and her second husband were living together, we deem some further comment is necessary. The power of the parties to modify by agreement or for one party to waive or otherwise be deprived of the provisions of child support in a divorce decree is subject always to the supervision and scrutiny of the court and will be given sanction and recognition only if the best interests of the child or children are fully served. An agreement, either express or implied, which purports to relieve a father of his duty to support a minor child entirely and permanently offends against public policy and is void. However, the mother and father may as between themselves validly agree, expressly or impliedly, that one rather than the other shall provide or procure the proper support if the best interests of the child are served thereby. See annotation, 57 A.L.R.2d 1139, et seq.
The principles involved may be succinctly summed up by stating that, in cases where the divorced father is brought before the court and it is found that he has not paid to the divorced mother the sums of child support which the divorce decree specified, the trial judge is not invariably obligated to recognize the amount of the paper delinquency as an immutable debt and to exercise all of the judicial powers available to compel its payment. Rather, he should consider the facts and significant changed circumstances which have arisen since the decree, the relationships of the parties and their conduct and dealings with each other, whether the complaining party has done equity and has complied with duties imposed by the decree upon her, and make disposition in accordance with equitable principles but also fully providing all of the safeguards and supplying all of the needs reasonably available to effectuate the best interests of the children themselves.
*352 The chancellor's order herein reviewed seems to accord with the foregoing, and its terms are shown to be within the bounds of the exercise of a sound discretion.
Affirmed.
WALDEN, C.J., and ANDREWS, J., concur.