## JEANETTE I. MOIR, FORMERLY JEANETTE I. KOWALKOWSKI, v. NORBERT M. KOWALKOWSKI.

164 N. W. (2d) 69.

January 10, 1969—No. 41247.

*Fletcher & Lorette*, for appellant.
*Donard Kunesh*, for respondent.

Heard before Knutson, C. J., and Nelson, Sheran, Rogosheske, and Frank T. Gallagher, JJ.

SHERAN, JUSTICE.

Appeal from a judgment of the district court.

Norbert M. Kowalkowski, the father of Deborah, 18, and Joseph, 16, divorced from their mother in 1954, paid $100 per month for support of these children from April 1, 1954, until May 1, 1966. He then discontinued the payments. Instead, he deposited an equivalent amount each month in a special account in a St. Cloud bank. The mother of the children, who has since remarried, instituted the present proceedings to compel Mr. Kowalkowski to pay the arrearages. The trial court, upon affidavits and oral testimony taken June 26, 1967, found in favor of plaintiff. Judgment was entered and this appeal taken.

It is contended on appeal that the determination of the trial court was

erroneous because (1) the record compels a finding that the parental rights of Norbert M. Kowalkowski with respect to the children have been severed, the children having refused, in effect, to visit or communicate with their father or show him the deference to which a parent is ordinarily entitled, and (2) the children are not dependent on their father for support.[1] We do not agree.

Where a mother having custody of a minor child deprives the father of visitation rights by wrongful or malicious conduct, or where she removes the child to another state without informing the father of the removal or the whereabouts of the child, the father is relieved of the obligation to continue making support payments required by a divorce decree. But even in such a case, the conduct of the wife having custody does not automatically terminate the obligation of the father to support his children. Smith v. Smith, 282 Minn. 190, 163 N. W. (2d) 852.

In the instant case, custody of the minor children was awarded to the mother by the 1954 divorce decree subject to reasonable rights of visitation. The children were taken from Minnesota first to California and then to Wisconsin. But, as the trial court found, this removal of the children from Minnesota was "authorized and approved and was not for the purpose of denying or making difficult Defendant's right to visitation with his children." It is clear from the record that an antagonism has developed on the part of the children, Deborah and Joseph, toward their father. But the trial court found that plaintiff was not responsible for this situation, and the evidence supports this finding. There is nothing in the record which has been presented to this court which would support, much less compel, a finding that the mother is able to support the children without assistance from their father or that they have arrived at a point where they are able adequately to support themselves. As stated in Smith v.

---

[1] There is no decision of this court directly in point. We do not believe the decisions cited by defendant in support of his position from other jurisdictions are persuasive of the position asserted by him. See, Snellings v. Snellings, 272 Ala. 254, 130 So. (2d) 363; Cortina v. Cortina (Fla. App.) 108 So. (2d) 63; Putnam v. Putnam, 136 Fla. 220, 186 So. 517. See, also, Annotation, 95 A. L. R. (2d) 118, 142, 145; 24 Am. Jur. (2d) Divorce and Separation, § 851.

Smith, 282 Minn. 190, 194, 163 N. W. (2d) 852, 856, "[T]he welfare of the child or children * * * is the paramount consideration, and * * * providing support is primarily the father's parental duty."

The unilateral refusal of Mr. Kowalkowski to make support payments to the mother of the children after May 1, 1966, was not justified. The trial court properly ordered judgment for the arrearages. The termination of support payments as a device to compel a mother having custody of the children to institute proceedings to compel payment or do without it is disapproved. Respondent is allowed $150 as attorneys' fees in this court.

Affirmed.