274 So.2d 5 (1973)
Marilyn K. VANCE, Appellant,
v.
James F. VANCE, Appellee.
No. 72-590.
District Court of Appeal of Florida, Fourth District.
February 28, 1973.
*6 Rosemary Barkett, and Robert L. Saylor, of Farish & Farish, West Palm Beach, for appellant.
Arnold F. Kurzinger, of Kurzinger & Honchell, Boca Raton, for appellee.
WALDEN, Judge.
Responding to the divorced husband's petition for an order adjudging the divorced wife to be in contempt for denying the husband's child visitation rights provided in the amended judgment, the trial court entered the appealed order which modified the final judgment by eliminating the husband's obligation to pay alimony and child support until such time as the wife allowed visitation. We reverse. Alimony can not be eliminated as a punishment for the denial of child visitation privileges. Hardy v. Hardy, Fla.App. 1960, 118 So.2d 106.
As concerns the elimination of child support payments, we note that the adjudication was neither an emergency matter nor was the welfare of the minor child in balance. Longo v. Longo, Fla. App. 1971, 245 So.2d 658. Thus the modification being not encompassed by the pleadings or otherwise raised by the litigants must be reversed upon authority of Cortina v. Cortina, Fla. 1957, 98 So.2d 334. See also Scheer v. Scheer, Fla.App. 1961, 132 So.2d 456. Our opinion here is to be interpreted as being without prejudice to the rights of the parties to institute and maintain the usual contempt proceedings or to seek specific modification of the judgment as provided by Section 61.14, F.S. 1971, F.S.A., as they are advised. See Cortina v. Cortina, Fla.App. 1958, 108 So.2d 63; Annot. 95 A.L.R.2d 118 (1964).
Reversed.
REED, C.J., and CROSS, J., concur.