368 So.2d 1356 (1979)
Jeri Lee GORDON, Appellant,
v.
Edwin F. GORDON, Appellee.
No. 78-745.
District Court of Appeal of Florida, Fourth District.
March 28, 1979.
*1357 Stuart, Walker & Jenne, Fort Lauderdale, and Larry Klein, West Palm Beach, for appellant.
Bruno L. DiGiulian, of DiGiulian, Spellacy & Bernstein, Fort Lauderdale, for appellee.
ANSTEAD, Judge.
This is an appeal by the wife from an order suspending her alimony payments because of her refusal to allow her former husband visitation privileges with the parties' minor child.
The final judgment of dissolution provided for primary custody of the four year old child to be with the wife and for the husband to have the child in his custody every fifth week. The wife was also awarded alimony and child support. Before the final judgment was entered the wife moved to North Carolina, where her parents resided, and subsequently refused to allow the husband the visitation rights accorded to him. When all other legal efforts to enforce visitation failed, the husband sought, and was granted, a modification of the final judgment suspending alimony. In a detailed order the trial judge outlined the basis for his action:
In the Final Judgment, this Court determined that the Wife should continue to receive periodic alimony of $1,500.00 per month for a period of ten years from and after the date of the entry of the original Final Judgment in this cause dated March 20, 1975, which original Final Judgment, on appeal, was reversed by the Fourth District Court of Appeals (See Gordon v. Gordon, 335 So.2d 321 (4th D.C.A. 1976), the mandate from which appeal resulted in the final hearings in August of 1977. In making that determination, the Court adopted the concept that the mother having stated that she desired to be a "full time mother" to the then three (3) year ten (10) month old son of the parties, and the Husband having the financial ability to permit her to do so, that she could be permitted to be such a full time mother to the child; however an essential element of being such a full time mother was, in the Court's opinion, to foster and promote the relationship between the child and his natural father, EDWIN F. GORDON, the Petitioner herein, which the Court determined to be in the best interests of the child. It was the very essence of the Final Judgment that the fostering of the relationship between the father and his son should be effected by the regular periodic visitation between the two and the Court so ordered in the Final Judgment, making permanent the visitation provisions previously set forth in its Temporary Order on Visitation dated August 25, 1977. Such visitation as had occurred between the father and his son, had demonstrated to the Court the father's genuine interest in his son and the fact that such a fatherson relationship could and should be developed, in the best interests of the child, despite some continued misgivings on the part of the Mother expressed by her or through her counsel in pre-August, 1977 hearings on the Husband's motions to enforce his visitation privileges.
* * * * * *
After the Temporary Visitation Order of August 25, 1977, and up through the date of this Order, one visitation was permitted by the Wife between the father and *1358 his son on or about September 14, 1977. Thereafter, no such visitations have been permitted and the Husband has filed a Motion to Enforce Temporary Visitation Order (October 10, 1977); a Motion for an Order of Contempt (October 12, 1977); and a Motion for Final Order of Visitation (October 14, 1977). He also filed, on November 4, 1977, his Motion to be Relieved of Child Support Payments based upon refusal of the Wife to permit Court Ordered Visitation which Motion was granted by Order of this Court on December 5, 1977. On the Husband's Motions to Enforce Temporary Visitation Order and Motion for Order of Contempt, it became necessary for this Court, on October 14, 1977, to enter an Order adjudicating the Wife in contempt and ordering her arrest. In that Order, the Court determined that the Wife was in wilfull contempt of the prior Temporary Order of this Court entered on August 25, 1977, for failure to have produced and delivered to the home of the Petitioner/Husband, EDWIN F. GORDON, the minor child of the parties at or about noon, October 14, 1977. Although said Order provides for the arrest of the Wife, so that she could be brought before the Court to answer for her actions, the Court notes for the record that the Order of Arrest has never been successfully executed by any sheriff of the State of Florida.
Based upon all of the above and foregoing facts and circumstances which have occurred subsequent to the date of the factual determinations upon which the Final Judgment was entered, thereby resulting in establishing a change in the essential circumstances upon which the Final Judgment was entered, the Court herewith grant the Petition for Modification of the Husband and the Final Judgment dated December 22, 1977, is amended and modified to suspend any alimony payments due from the Husband to the Wife thereunder at any time subsequent to January 31, 1977, until further Order of this Court. The Court further notes, for the record, that upon the Wife fully complying with the provisions of Paragraph 2 of the Final Judgment dated December 22, 1977, regarding visitation, and the appearance of the Wife before the Court and her satisfactorily manifesting to the Court her intentions to continue to comply with said Final Judgment, then the Court will consider the entry of an Order further modifying the aforesaid Final Judgment to reinstate future alimony payments.
On appeal the wife relies on the case of Vance v. Vance, 274 So.2d 5 (Fla. 4th DCA 1973) for the proposition that alimony cannot be eliminated as a punishment for the denial of child visitation privileges. In Vance an order terminating alimony was entered in contempt proceedings brought against the wife, rather than modification proceedings as are involved herein. In holding that the trial court erred in punishing the wife by terminating alimony this court observed:
Our opinion here is to be interpreted as being without prejudice to the rights of the parties to institute and maintain the usual contempt proceedings or to seek specific modification of the judgment as provided by Section 61.14, F.S. 1971, F.S.A. as they are advised. See Cortina v. Cortina, Fla.App. 1958, 108 So.2d 63; Annot. 85 A.L.R.2d 118 (1964).
In Cortina the Second District Court of Appeal affirmed a modification order which relieved the husband of any financial obligations to the wife or to the minor child under terms similar to those provided by the trial judge herein. The Cortina court cited the cases of Craig v. Craig, 157 Fla. 710, 26 So.2d 881 (1946) and Putnam v. Putnam, 136 Fla. 220, 186 So. 517 (1939) in support of its decision. In Craig the Florida Supreme Court held that a husband's showing that his former wife wilfully refused to allow him child visitation would constitute a sufficient legal defense to the wife's claim for past due alimony. The court reasoned that under such circumstances the petitioning wife would be "without clean hands" in seeking relief from a court of equity. The Putnam case involved only child support but the closing *1359 remarks of Justice Terrell seem especially appropriate here:
It is shown that appellee is a fit and proper person to have the custody of his child, that he is given such custody only two months during vacation, and that he has for years met every requirement of the Court with reference to her support and maintenance. His decree was fair and just and, so far as the record discloses, was easy to comply with. Failure to do so must be based on something more than an arbitrary refusal; otherwise all decrees will be objects to flout rather then (sic) to obey. (Id. 186 So. at 519)
In the case at hand the trial court had previously exercised every means at its disposal to secure compliance by the wife with the final judgment. With the wife in North Carolina actual enforcement was virtually impossible. Given the extreme circumstances facing the court we do not believe it erred in concluding that there had been a substantial and material change in circumstances justifying the suspension of alimony. We will not repeat the reasons because we feel they are sufficiently stated in the court's order, quoted, supra. Further, since these were modification proceedings we do not believe our holding to be in conflict with Vance, supra. We note with some import that in Cortina support was cancelled initially in contempt proceedings, and that such order was reversed; but subsequent modification proceedings resulted in the entry of a similar order which was affirmed on appeal. The end result is that alimony may not be terminated in contempt proceedings as punishment to the wife for refusing visitation. However, whether the wife's conduct constitutes sufficient grounds to modify a judgment and suspend alimony will depend on the individual case. We expect such cases will be rare, but we believe the circumstances herein justified the court's decision. The alternative is that, as Justice Terrell noted: "otherwise, all decrees will be objects to flout rather than to obey."
We also note that we are not faced with a situation where the wife disagrees with the terms of the visitation and challenges those terms in the trial court or on appeal. Rather, the wife chose not to participate in the proceedings at all, except by appearance of counsel, thereby depriving the court of any proposed visitation alternatives that the wife might deem appropriate.
Accordingly, for the reasons set out above the order of the trial court is affirmed.
CROSS and BERANEK, JJ., concur.