WENTWORTH, Judge.
Appellant seeks review of an order granting appellee’s petition to terminate payment of child support under a prior dissolution decree and denying a counter petition for permanent alimony. We affirm.
Previous Florida decisions have permitted the suspension of support payments, by order of court, as a method of penalizing the recalcitrant party and enforcing the court’s decree granting visitation. Hardy v. Hardy, 118 So.2d 106 (Fla. 1st DCA 1960); Putnam v. Putnam, 136 Fla. 220, 186 So. 517 (1939). The rule applied with respect to future payments, however, is that “the court should not refuse to require these payments for the support of the minor children where the children will thus be required to suffer.” Hardy, supra. Also see Vance v. Vance, 274 So.2d 5 (Fla. 4th DCA 1973), Warrick v. Hender, 198 So.2d 348 (Fla. 4th DCA 1967), and Cortina v. Cortina, 108 So.2d 63 (Fla. 2nd DCA 1959), which indicate that the welfare of the child must be considered when suspending support payments due to a denial of visitation.
Although the order here appealed does not expressly reflect application of the correct standard in terminating the support obligation in the present case, our examination of the record shows no compelling evidence that the child “will be required to suffer.” We note, in addition, that the decision does not preclude subsequent modification upon a showing of changed circumstances.
The order appealed is therefore affirmed.
ROBERT P. SMITH, Jr., and LARRY G. SMITH, JJ., concur.