OWEN, WILLIAM C., Jr. (Retired),
Associate Judge, dissenting:
Though I hold no brief for a parent who, having the ability to do so, fails or refuses to contribute to the support of his minor child, the judgment for arrearage of child support and for modification of child support payments from which this appeal has been taken is, in my opinion, so tainted by gross violations of both substantive and procedural law that reversal is mandated.
In 1967 the parties were divorced by final judgment of the Circuit Court of Gadsden County, Florida. Appellee/Wife was awarded custody of the parties’ minor child and appellant was ordered to pay to appel-lee the sum of $20.00 per week as child support. He made the support payments timely until June, 1970, when he received a letter from his former wife stating:
[A]s far as you visiting [yo.ur daughter], you sure don’t have the right... I know the law well enough to know that no court will let you visit Daphne or attempt to harass me . . . money or no money, you are not going to come into Daphne’s life and upset her with the ideas you have as far as your being wronged.
* * * * * *
I will never write you again, when I get tired of not getting the money I will without notice call my case up and ask the judge to find you in contempt . . . you can pay only if you want to.
The letter also told the appellant not to call or to attempt to see appellee or the child again. Appellant thereafter ceased the child support payments and did not attempt to visit his daughter or to contact his former wife.
In April, 1980, nearly ten years later, appellee filed in the Circuit Court of Duval County, Florida, a pleading entitled “Petition for Enforcement of Final Decree of Child Support Money” and a separate pleading entitled “Petition to Modify a Final Decree of Divorce”. Both were given the same docket number and process was issued and forwarded to the Sheriff of Gadsden County in which appellant resided. Accompanying the process and copies of the two pleadings was a notice of hearing from appellee’s attorney directed to appellant advising that the two petitions would be brought on for hearing before a judge of the Circuit Court of Duval County in chambers at Jacksonville on May 15, 1980. Appellant was duly served with process together with a copy of the pleadings and copy of the notice of hearing on May 9, 1980. Appellant travelled to Jacksonville for the scheduled hearing, accompanied by counsel secured that day, and immediately prior to the hearing was served with the wife’s financial affidavit. We have no record of what occurred at the hearing, a flaw which in large measure may account for the majority’s unwillingness to reverse. Five days later the trial court entered a final judgment against appellant and in favor of appellee for the child support arrearage of $11,247.00, and, without a finding of any change of circumstances, modified the amount of child support appellant was required to pay by increasing it to $25.00 per week.
Assuming that at the time of filing the petitions appellee resided in Duval County (a jurisdictional matter not alleged in either of the petitions), the Circuit Court of Duval County had subject-matter jurisdiction to enforce the support order by virtue of Section 61.17, Florida Statutes, and had subject-matter jurisdiction to entertain the petition for modification of child support by virtue of Section 61.14, Florida Statutes. However, irrespective of whether this was a new action or whether it was deemed a subsequent pleading under Rule 1.110(h), Florida Rules of Civil Procedure, the issuance and service of process was necessary for personal jurisdiction over appellant. Service of process triggered the time frame *834 for filing pleadings (as set forth in Rule 1.140, Florida Rules of Civil Procedure) and, as in other civil actions, the matter should have been set for trial pursuant to Rule 1.440, Florida Rules of Civil Procedure. See generally, Trawick, Florida Practice and Procedure, § 30-5. Here, six days after being served with process and a copy of the petitions, without sufficient opportunity to file any responsive pleading, appellant was forced to a final hearing on the merits contrary to the rules of procedure.[1] In view of the fact that appellee waited ten years to seek enforcement of the delinquent child support payments, as well as an increase in the amount thereof for the future, the undue haste with which this matter was brought to trial contrary to the established rules of civil procedure is inexplicable.
The procedural violations are highlighted by the fact that they deprived appellant of asserting substantial defenses. The denial of visitation rights has been held, under certain circumstances, to be a defense to a claim for arrearage of child support payments accruing while visitation privileges were denied. See, e. g., Warrick v. Hender, 198 So.2d 348 (Fla. 4th DCA 1967); Denton v. Denton, 147 So.2d 545 (Fla.2d DCA 1962). Laches has also been held to bar a wife’s claim for arrearage in child support under facts substantially similar to those that exist in this case. See, e. g., Philips v. Adams, 339 So.2d 665 (Fla. 4th DCA 1976); Brown v. Brown, 108 So.2d 492 (Fla.2d DCA 1959).
The judgment should be reversed and upon remand appellant should be afforded opportunity to file appropriate responsive pleadings to the two petitions, following which this cause should proceed to trial on the merits in accordance with the rules of civil procedure.

. If a financial affidavit was required, Rule 1.611 was also violated.