106 So.2d 233 (1958)
MIAMI BEACH LERNER SHOPS, Inc., a Delaware corporation, Appellant,
v.
WALCO MANUFACTURING OF FLORIDA, Inc., a Florida corporation, Appellee.
No. 58-16.
District Court of Appeal of Florida. Third District.
November 13, 1958.
*234 Gay & Hyman, Miami, for appellant.
Nat Williams, Miami, for appellee.
HORTON, Judge.
Suit was instituted in the court below by the appellee to enjoin the appellant from distributing and selling a certain style and design of beach coat which had been produced by the appellee. In addition, the appellee sought an accounting as to the profit realized by the appellant as a result of the sale and distribution, as well as damages, both actual and punitive.
The appellant answered the complaint and, in effect, generally denied the material allegations of the complaint. Upon the issue made by these pleadings, the matter was referred to a special master in chancery *235 to take the testimony and proofs of the parties and report his findings of fact, conclusions of law and recommendations. The special master heard the testimony and received the proofs of the respective parties. He rendered a report finding that appellant had received samples prepared and designed by the appellee and had subsequently had another manufacturer make up 300 coats from the appellee's design; that the appellee's design had been copied by the appellant and the appellee had sustained actual damages in the sum of $2,014.50, of which $14.50 was the price of the samples or designs furnished by the appellee to the appellant, and the balance represented loss of profits. Upon these findings, the special master recommended that an injunction be denied as the question had become moot by reason of the appellant's withdrawal of the designs from its shops and the numerous publications of the designs in question by the appellee; that damages be awarded the appellee in the sum of $4,014.50, representing $2,014.50 actual damages and $2,000 punitive damages. Exceptions to the master's report were filed by the appellant which in effect attacked the conclusions of the master that the appellee was entitled to $2,000 as actual damages for loss of profit and $2,000 punitive damages. The chancellor below overruled the appellant's exceptions to the master's report and entered a decree in the sum of $4,014.50. Appeal has been taken from that portion only of the decree which awarded damages in the sum of $4,014.50.
The appellant has raised two points on this appeal: (1) whether or not the sum of $2,014.50 awarded as actual damages is excessive, and (2) whether or not the sum of $2,000 awarded as punitive damages is excessive. In order to properly consider these questions, we are required to review the evidence relating to the award of damages, both actual and punitive.
The appellee claimed that it had prepared and forwarded samples of new designs for beach coats to the appellant as had been the custom between the parties in previous years, and that instead of placing an order with the appellee, the appellant stole the design and placed an order with another company for 300 beach coats. The testimony shows that the appellee would have realized a profit of $252 on these 300 beach coats, and, in addition, had not been paid the sum of $14.50 for the samples nor had they been returned. The testimony reveals that for approximately four years preceeding the incident about which the appellee complains, it had received an average of $6,000 gross business each year from the appellant, and that of this average gross business, appellee's profit would approximate one-third or $2,000 per year. Upon this basis, the special master recommended, and the court below awarded, the amount of $2,000 actual damages as loss of profits, in addition to the sum of $14.50 as the value of the samples. We conclude this was error.
From the record before us, there is no showing of any causal relationship between the actual loss sustained by the appellee on the purchase of the 300 beach coats by the appellant from another manufacturer, and the loss of $2,000 profits based upon a percentage of appellee's prior average yearly business with the appellant. To permit the award of loss of profits under the circumstances disclosed here would be to indulge in the highest degree of speculation and conjecture. The record reflects that in the year preceding the actions of the appellant, appellee's gross business with the appellant had been less than $1,300. It was clearly established that the appellant had purchased 300 beach coats from another manufacturer under the appellee's design obtained by the samples forwarded to the appellant, and that from the sale of these 300 coats, the appellee would have realized a profit of $.84 per coat, or $252. Damages cannot be based upon speculation, guesswork or conjecture, but must have some reasonable basis in fact and a causal relationship to *236 the act complained of which occasioned the damage. See 9 Fla.Jur., Damages § 39.
Another reason is evidenced as to why the award of actual damages in this instance cannot be sustained. The court, upon the recommendation of the master, refused to grant injunctive relief because it was found that the facts upon which such relief would be based had become moot, i.e., that the appellant had withdrawn the designs from public sale and that there had already been a publication of the design by the sale of some 57 of the coats. If this is true, and we must accept it as a fact because no contention is made to the contrary, then we do not see upon what basis the court below or the special master could have been warranted in making an award of prospective profits beyond that represented by the 300 coats which the appellant purchased from another manufacturer. Accordingly, we conclude that the portion of the decree awarding actual damages in excess of $266.50 to be based upon speculation and therefore erroneous.
The next question involves the alleged excessiveness of the award of punitive or exemplary damages in the sum of $2,000. In determining the amount of such damages, pecuniary circumstances of the defendant are to be considered, as obviously what would be pecuniary punishment to a man of small means would not be felt as such by one of large means. See Jones v. Greeley, 25 Fla. 629, 6 So. 448; Maiborne v. Kuntz, Fla. 1952, 56 So.2d 720. Considering the fact that no issue has been raised as to the liability of the appellant for the alleged act of infringement or unlawful use of the appellee's design, and considering the circumstances of the parties, we cannot say with any degree of certainty that the award of $2,000 punitive or exemplary damages in this cause is excessive. Punitive or exemplary damages are awarded as punishment to a defendant and as a warning and example to deter him and others from committing similar offenses in the future. Under this theory, such damages are not allowed as compensatory damages but rather in addition to such damages.
Accordingly, the decree appealed is reversed in part with directions that it be amended consistent with the views herein expressed.
Reversed in part with directions.
CARROLL, CHAS., C.J., and PEARSON, J., concur.