143 So.2d 502 (1962)
Marshall Earl HOWARD, Appellant,
v.
Martha Jane HOWARD, Appellee.
No. 62-232.
District Court of Appeal of Florida. Third District.
July 31, 1962.
*503 Coker & Carlon, Ft. Lauderdale, for appellant.
Carr & Warren, Miami, for appellee.
Before HORTON, BARKDULL and HENDRY, JJ.
HORTON, Judge.
Appellant husband seeks review of an order entered on rule to show cause and petitions to vacate or modify portions of a final decree of divorce.
On May 9, 1961, a final decree divorcing the parties was entered. The decree awarded custody of the parties' minor children to the appellee, reserving to the appellant the right of reasonable visitation. The appellant was ordered to pay $35 per week as maintenance and child support as well as all of the children's reasonable medical expenses. On January 10, 1962, the appellant filed a petition to vacate or modify those portions of the final decree relative to custody and visitation privileges and maintenance and support. Subsequently, the appellee filed a petition to modify the final decree and a petition for rule to show cause why the appellant should not be held in contempt for failure to make the support payments in accordance with the terms of the final decree. The rule to show cause was issued. On February 14, 1962, after hearing, the chancellor entered the order appealed on the rule to show cause and petitions to modify. The order found the appellant to be in arrears in the total sum of $615.04, composed of the following: $242 child support; $42.04 medical expenses; $31 court costs and $300 attorneys' fees. All were required by the terms of the final decree of divorce. It was ordered that appellant pay the sum of $615.04 at the rate of $25 per month and, in addition, required that future support payments be kept current. Paragraphs 3 and 4 of the order appealed provide:
"3. That the provisions of paragraph 3 of the Final Decree entered in this cause relative to visitation rights of the defendant be and it is hereby amended by adding the following to-wit:
"`The defendant shall not be entitled to any visitation privileges whatsoever during such time as the defendant shall be delinquent in the payment of child support as required by this Final Decree.'
"4. That the defendant may continue to exercise the rights of visitation as provided in the Final Decree upon the condition that he shall make such monthly payments as required by paragraph 1 of this Order and upon the condition that the defendant shall hereafter comply with the provisions of the Final Decree relative to payment of child support."
The court declined to consider the appellant's petition to vacate or modify until such time as he became current in the payments required under the final decree of divorce. The chancellor did not find the appellant to be in contempt.
The appellant contends the chancellor erred in conditioning his right to visitation on timely payment of future child support as required by the terms of the final decree. We find this contention has merit.
*504 The Supreme Court of Florida, in Frazier v. Frazier, 109 Fla. 164, 147 So. 464, commented on the relationship of parent and child, saying:
"No relationship in life should be regarded as more sublime, nor should any inherent right of an individual be esteemed more highly, than that which arises out of the natural relationship of love and affection which normally exists between parent and child * *." [Emphasis supplied].
Hence the rule enunciated in Yandell v. Yandell, Fla. 1949, 39 So.2d 554:
"The privilege of visiting the minor children of the parties to a divorce proceeding should never be denied either parent so long as he or she conducts himself or herself, while in the presence of such children, in a manner which will not adversely affect the morals or welfare of such progeny."
In the instant case, the record does not indicate, nor was it attempted to be shown, that the appellant has conducted himself in the presence of his children in such a manner as would be detrimental to their welfare or morals. It would be contrary to the spirit if not the letter of the rule to condition his right of visitation on his ability to make timely support payments. The court has at its disposal a wide variety of methods to coerce his compliance with the terms of the final decree of divorce. See 10 Fla.Jur., Divorce, § 216, et seq.
The court's inclusion of attorneys' fees and court costs in the sum required to be paid as a condition to the exercise of visitation rights is also without legal basis.
We have considered the appellant's other contentions and find them to be without merit.
Accordingly, paragraphs 3 and 4 of the order appealed are stricken and as so modified, the order is affirmed.
Modified and affirmed.