WIGGINTON, Judge.
Appellant has appealed a post decretal order denying without prejudice her motion for an order clarifying the terms and provisions of the final decree of divorce heretofore entered in this cause, and adjudging appellee to be in arrears in payment of child support.
Prior to October 10, 1962, the parties to this cause experienced marital difficulties resulting in their separation. On the date mentioned they entered into a rather elaborate agreement by which they sought to settle the wife’s property rights in the estate accumulated by the parties during marriage, and agree upon alimony, custody and support of the minor children born of the marriage. The seventh paragraph of the agreement provided as follows:
“The custody of the minor children of the parties, whose names are: Betty Carol Harrell, David Harrell and Katie Harrel, are to be and remain with the Wife during all of their minority, subject to reasonable rights of visitation with or by the Husband. Out of the monies paid the Wife hereunder for alimony, the Wife is to pay for the support of the parties’ minor daughter, BETTY CAROL HARRELL;" (except for her reasonable medical expenses, *215 all of which are to he paid by Husband) until such daughter becomes seventeen (17) years of age, at which time Husband will assume and pay for her complete support, except for her food and lodging while she is with the Wife during summer months and vacation periods from school. In addition, out of the monies paid Wife, she will also provide food and lodging for the remaining minor children at such times as they are staying with her during the summer months and on vacation periods out of school. Husband will provide all other support for all of the children and will provide all of the children with a college education.”
Subsequently, the wife brought suit in the Circuit Court of Putnam County which culminated in a final decree awarding her a divorce from her husband, appellee herein. The decree, among other things, ratified, approved and confirmed in all respects the above mentioned agreement entered into between the parties on October 10, 1962.
On June 16, 1964, plaintiff wife filed a motion in the cause alleging that at the time the separation agreement was entered into between the parties, it was contemplated that the minor son, David Harrell, would enter the University of Florida as a resident student and would not live with the plaintiff during the school year. It is further alleged that at all times subsequent to the entry of final decree of divorce this son has continuously resided with plaintiff mother at her home in Palatka and has attended St. Johns River Junior College located in that city; that defendant has provided this child only with college tuition, a car, the sum of $10.00 per week for a portion of the time, and other small gifts; that defendant has failed to provide this son with “all support” as provided in the property settlement agreement and final decree in that plaintiff mother has been required to expend an average of $250.00 per month in order to furnish this son with the support which his circumstances require. The motion prays for an order clarifying the child support provisions of the final decree of divorce by fixing the dollar amount which the appellee husband shall be required to pay for the support of the minor son, David Harrell, and award her a judgment for the amount she claims the husband owes her for the support she has furnished this minor child since entry of the divorce decree. Without taking testimony in the cause the court, after consideration of the motion and hearing argument of counsel, rendered an order reciting that by her motion the plaintiff is apparently seeking a modification of the final decree heretofore entered in this cause. The chancellor decreed that the motion for clarification be denied without prejudice to the right of plaintiff to file, if she may be advised, a petition for modification of the final decree heretofore entered in the cause in accordance with the established rules of procedure. By this appeal the wife contends that the chancellor erred in failing to consider her motion on the merits and in denying her the relief prayed for therein.
It seems apparent that the chancellor, in the exercise of his discretion, concluded that the final decree contains no provision relative to the support of the minor child, David Harrell, which requires clarification. The separation agreement, which by reference was made a part of the final decree, clearly provides that during the minority of this child, appellee husband will provide him all support, including a college education, except that food and lodging for him will be provided by the wife during such times as he may be staying with her during the summer months and vacation periods. The problem which has arisen is occasioned by the fact that the plans which the parents had for their minor son changed after entry of the decree. Instead of attending college away from home at which all his living expenses were required to be paid by appel-lee father, the mother agreed for the son to remain at home with her and attend the junior college located at the place of her residence. Since neither the separation agreement nor the final decree provide any specific dollar amount of support which *216 appellee husband was required to pay for the maintenance of his son, his obligation in this respect is in doubt and will remain so until such time as it may be definitely determined by the court.
When circumstances of parties change after rendition of a final decree awarding child support, which change of circumstances requires a judicial determination as to the rights and obligations of the parties as a result thereof, the established procedure for securing this relief is by a motion to modify the final decree pursuant to the provisions of F.S. Section 65.15, F.S.A.
Florida Jurisprudence, in the chapter on “Divorce,” provides :
“ * * * Except for a recent enactment of limited scope, the statutes do not expressly authorize a modification of an order for the support of a child. Nevertheless it is clear that the court had the power to modify such an order. It has been held that the power may be implied from F.S. § 65.14, and it has also been held that the power may be implied from FS § 65.15, which authorizes the modification of a decree for ‘separate support, maintenance, or alimony.’
“The ground for such a modification is, ordinarily, that there has been a substantial change in the circumstances of the parties * * [1]
In Stanley v. Stanley [2] the divorced wife filed a motion for modification of the final decree with respect to support for her minor children. In approving the procedure followed by the wife by her motion filed pursuant to F.S. Section 65.15, F.S.A., the Supreme Court said:
“It is urged that present conditions do not warrant the order which is here for review. Suffice it to say, Sec. 65.15, F.S.A., allows either party to apply to the Court for modification of a final decree for alimony, maintenance and support. In this case the court by final decree expressly retained jurisdiction of the minor children, their care and custody; furthermore, the court does not lose its jurisdiction touching the welfare of the children during their minority.”
In the subsequent case of Lopez v. Avery [3] the Supreme Court adhered to the proposition that upon a proper showing of changed circumstances, a wife may file a motion pursuant to F.S. Section 65.15, F.S. A., to modify the provisions of a final decree relating to support for her minor children.
 It is our conclusion that the chancellor did not err in dismissing the motion filed by appellant for clarification of the final decree respecting child support for the minor son, David Harrell. Under the order entered by the chancellor, appellant is privileged to file a motion for modification of the child support provisions of the final decree and separation agreement by which modification the chancellor, upon proper showing, may fix the dollar amount to be paid by appellee husband for the support of the son, David Harrell, in the event that during the school term he lives at the residence of his mother. Since the final decree obligates appellee to support this child, the amount of support provided by his mother subsequent to the entry of the final decree may be ascertained in the modification proceedings, and this amount awarded to appellant. The amount so awarded can hardly be characterized as arrearage under the final decree for the reason that the amount of this obligation has not heretofore been judicially determined. The order appealed is accordingly *217 affirmed and this interlocutory appeal dismissed.
CARROLL, DONALD K., Acting C. J., and RAWLS, J., concur.

. 10 Fla.Jur. — Divorce, § 276, p. 687.

. Stanley v. Stanley, (1947) 158 Fla. 402, 28 So.2d 694, 696.

. Lopez v. Avery, (Fla.1953) 66 So.2d 689.