PER CURIAM.
These interlocutory appeals have been consolidated for appellate purposes.
Mildred Holton sued her husband, James, for a divorce. A final decree of divorce was granted in which the court awarded Mildred a divorce, reserved jurisdiction to award attorneys fees and court costs, and made a disposition of certain real property belonging to the Holtons. Mildred appealed only that portion of the final decree which affected her property rights and there was no cross-appeal by the husband to challenge the adjudication of divorce.
In Holton v. Holton, Fla.App.1966, 189 So.2d 214, we reversed the trial court only as to the disposition of certain property and remanded the case for the entry of an amended final decree holding that the Holtons were tenants in common of this property which they owned and leased to Aeroland Oil Company for $300 per month.
While the first appeal was pending, the attorneys for the wife filed a motion in the *36 trial court seeking attorneys fees and court ■costs. The trial court entered an order deferring ruling on those questions until such time as that appeal by Mildred had been resolved.
After that appeal, upon remand, the •attorneys for Mildred filed a motion for hearing on all pending motions and moved for the entry of an order in accordance with the mandate on remand.
The trial court then entered its order awarding a fee to Mildred’s attorneys for services rendered and $480.65 for court costs. In addition, the amended final decree made the Holtons tenants in common of the Aeroland Oil Company property and lease, and awarded Mildred the sum of $6300 as one-half of the proceeds collected under the Aeroland Oil Company lease by her husband subsequent to the Aeroland Oil Company check dated January 1, 1965. It directed the husband to pay that sum of money in cash to Mildred within sixty days and ordered that the $6300 obligation would immediately become a lien on all of the property of the husband. It also awarded an expert witness fee to the attorney who testified as to the value of the services rendered by Mildred’s attorneys.
The husband appeals from the amended final decree contending that the trial court committed reversible error in the award of attorneys’ fees; in its failure to require the plaintiff to properly itemize costs; in awarding an expert witness fee; and in awarding $6300 to the wife.
In the original final decree of divorce, the court retained jurisdiction of the cause for the purpose of awarding the wife reasonable attorneys fees for services rendered to her in the trial court. The fees were not awarded prior to the first appeal, but were awarded upon remand of the case after the appeal, which reversed the case on other grounds. No reversible error has been made to appear in this regard.
We have examined the costs items and although they are not as completely and specifically itemized as the husband might desire, we do not find that reversible error has been committed in this regard. No abuse of discretion has been shown in the award by the trial court of an expert witness fee.
We do find that reversible error was committed by the trial court in the award of the sum of $6300 as an amount due to Mildred from her ex-husband.
There were no pleadings before the trial court which prayed for the partition of the Aeroland Oil Company property or the proceeds derived from the lease thereon. In the absence of any pleadings requesting a partition of the Aeroland Oil Company property or the proceeds of any lease thereon, the court was without jurisdiction or authority to enter the aforesaid award. Goodstein v. Goodstein, Fla.App.1968, 212 So.2d 321. We do not mean to hold that the ex-wife, Mildred, might not be entitled to the sum of $6300 or some portion thereof, but only that due process requires the ex-husband to be properly notified of her claim and that he be permitted to file his pleadings or introduce evidence in defense thereof. For example, the husband may have used some portion of the lease proceeds to pay taxes or assessments on this property, and if so, he would be entitled to proper credits for these amounts.
In addition, the order of the trial court awarded this sum of money to the wife as one-half of the proceeds collected under the lease by the defendant after January 1, 1965. We are unable to ascertain, at this stage, what significance the date of January 1, 1965, might have insofar as being the proper date upon which to base an award to the wife on one-half of the proceeds from the lease.
These issues, however, remain to be framed in the trial court by the filing of appropriate pleadings, setting forth the position of the parties, and the taking of testimony in order to determine what amounts, *37 if any, are due the ex-wife, and from what date they might be due. Accordingly, the amended final decree is affirmed in part and reversed in part and this cause is remanded for further action consistent herewith.
It is so ordered.