BARKDULL, Judge.
Appellants were plaintiffs in the trial court and recovered $5,000.00 compensatory damages and $10,000.00 punitive damages in a false imprisonment suit.
Upon a motion for new trial, the trial judge ordered a new trial unless the plaintiffs remitted $7,500.00 of the punitive damages award. The plaintiffs refused to remit, and this appeal ensued. The appellants contend the trial court erred in ordering a remittitur. Appellees cross-assign error on the failure of the trial judge to direct a verdict and in submitting the issue of punitive damages to the jury. We reverse.
 The trial court having found that the plaintiffs were entitled to go to the jury on the issue of punitive damages, he exceeded his authority in reducing the punitive damages award in view of the amount of the compensatory damages awarded and the substantial wealth of the defendant, Jefferson Stores, as reflected in the record. The amount awarded was certainly not excessive. Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So.2d 214; Miami Beach Lerner Shops v. Walco Mfg. of Florida, Inc., Fla.App.1958, 106 So.2d 233; Florida East Coast Railway Company v. Morgan, Fla.App.1968, 213 So.2d 632; 9 Fla.Jur., Damages, §§ 115, 116. In light of what is said above, we find no merit in the appellees’ cross-assignment directed to submitting this issue to the jury.
The appellees’ cross-assignment as to the ruling on the motion for directed verdict is also found to he without merit. It is clear from the record and all reasonable inferences therefrom that the agents and employees of the defendant, Jefferson Stores, restrained the appellant, Maureen Joseph, and her two minor children some two and one-half hours in an attempt to coerce her into signing a statement which, among other things, required her to admit:
“ * * * I took from the possession of JEFFERSON STORES, INC., at the store of said JEFFERSON STORES, INC., in the city of_, without making payment therefor and with intent to take for my own use or disposition, certain articles of personal property, of which JEFFERSON STORES, INC., is the owner, * * *”
* * * * * *
There is no doubt that the actions of the defendant, Jefferson Stores, [through its employees] were unwarranted under the circumstances of the case sub judice. Jefferson Stores, Inc. v. Caudell, Fla.App. 1969, 228 So.2d 99 (opinion filed simultaneously herewith).
Therefore, for the reasons above stated, the order granting a new trial conditioned upon the remittitur is reversed, with directions to deny the motion for new trial and permit the final judgment on the verdict in the amount of $15,000.00 to stand.
Reversed and remanded, with directions.