233 So.2d 856 (1970)
Ronald SILVIA, Appellant,
v.
ZAYRE CORPORATION, a Delaware Corporation, Appellee.
No. 69-625.
District Court of Appeal of Florida, Third District.
April 7, 1970.
Rehearing Denied May 4, 1970.
*857 Harold Peter Barkas, Miami, for appellant.
John A. Murray, Miami, for appellee.
Before BARKDULL, HENDRY and SWANN, JJ.
PER CURIAM.
Ronald Silvia filed this law suit, stating causes of action in tort for false imprisonment and malicious prosecution. At the conclusion of the trial, the jury rendered its verdict awarding the plaintiff-appellant $10,000 as compensatory damages and $8,000 as punitive damages and a judgment was entered thereon. Timely motion for new trial was filed by the defendant-appellee, which was granted as to liability and damages, on the following grounds: that the verdict was contrary to the law and the evidence; that the verdict for compensatory damages was excessive and based upon sympathy, passion and/or prejudice; and that the verdict for punitive damages was excessive and based upon sympathy and/or prejudice. It is the appellant's position that the trial judge abused his discretion in granting the motion for new trial. Having considered the arguments of counsel combined with the record of appeal, we are compelled to agree and reverse.
Before setting forth the specific facts of this case, we feel that an accurate summation concerning the trial judge's power to grant the motion for a new trial is in order. Judge Rawls' thorough opinion in North Dade Imported Motors, Inc. v. Brundage Motors, Inc., Fla.App. 1969, 221 So.2d 170, contains the following statement of the law on this point:
"An order granting a new trial is clothed with a strong presumption of correctness, and a much stronger showing is required to reverse an order allowing a new trial than to reverse one denying it. So, we are not unmindful of the fact that the Supreme Court has eliminated the `substantial competent evidence' rule, and the applicable rule is that of `broad discretion' in reviewing a trial court's order granting a new trial. Likewise, a new trial should not be granted unless it is reasonably clear that substantial rights have been violated to the extent that a fair trial was not had. `Judicial discretion' is not an unabridged power by which a judge may set at naught the rights of the parties to a cause and define them in accordance with his current opinion. A trial judge's statement that the verdict is contrary to the manifest weight of the evidence is not chiseled in marble immune to erasure; it must be weighed in the light of the disclosures of the record. It is an abuse of discretion to grant a new trial where the verdict finds ample support in the record, no illegal evidence *858 is shown to have gone to the jury, and all that is to be accomplished is to have another jury try the cause." [Citations omitted.]
In the case at bar, the complaint consisted of Count 1 for false imprisonment, and Count 2 for malicious prosecution. As to the false imprisonment count,[1] the allegata of the plaintiff's case was that he had been apprehended by security officers in the appellee's department store and unreasonably detained; further, while being so detained, Silvia was subjected to coercion and intimidation beyond the scope of reasonable action consistent with such an apprehension.
It is recognized that § 811.022(1) Fla. Stat.F.S.A. (1967) gives storekeepers the right, as to persons suspected of shoplifting, to detain such persons for a reasonable length of time for the purpose of effecting a recovery of the goods which were believed to have been unlawfully taken within the meaning of the statute. The particular goods which the appellant had been suspected of unlawfully taking were recovered from him immediately upon his removal to the detention area. After the goods had been recovered, the next step which the law contemplates on behalf of the shopkeeper is to either liberate the person apprehended under § 811.022(1), supra, or call the police so that due process can begin. The evidence shows, however, that instead of complying with the above procedure, the security agents conducted themselves in the manner described in footnote 1, supra. We do not feel the need to delineate the rest of the detailed evidence relating to Count 1 of the complaint, which sought damages based on false imprisonment. The jury certainly had before it evidence sufficient to sustain their finding that the plaintiff had been taken into custody and detained in an unreasonable manner, and the law justifies the verdict they based upon that evidence. See Jefferson Stores, Inc. v. Caudell, supra; Wilde v. Schwegmann Brothers Giant Supermarkets, Inc., La. App. 1964, 160 So.2d 839.
As to Count 2, which sought damages for the tort of malicious prosecution, we find that the record contains sufficient evidence to satisfy the prerequisites for such a cause of action, namely: (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the defendant; (3) its bona fide termination in favor of the plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; (6) damages arising out of the judicial proceeding. 21 Fla.Jur. *859 Malicious Prosecution § 4. As to the fourth element delineated above, i.e., the absence of probable cause, such prerequisite exists "where it would appear to a `cautious man' that further investigation is justified before instituting the [criminal] proceedings." Liabos v. Harmon, Fla.App. 1968, 215 So.2d 487; Goldstein v. Sabella, Fla. 1956, 88 So.2d 910. Of course, that which had to have been shown to obtain a conviction in the criminal proceedings for petit larceny was that the appellant had the necessary intent to commit petit larceny as required by § 811.021(1) Fla. Stat.F.S.A. (1967). The jury apparently resolved that a reasonable man, faced with the circumstances and facts known to the defendant, would not have had probable cause for commencing the original criminal proceeding. The jury also determined that malice was present, at least in part, as to the malicious prosecution count. All of these determinations appear to have been proper.
The trial judge also predicated his granting the motion for new trial upon finding that the verdicts, both compensatory and punitive, were excessive and based upon sympathy, passion and/or prejudice. As to the compensatory damages, the record contains sufficient evidence to justify the jury's verdict of $10,000; moreover, in view of the substantial wealth of the defendant, Zayre Corporation, the amount awarded as punitive damages was not excessive. Joseph v. Jefferson Stores, Fla.App. 1969, 228 So.2d 103; Florida East Coast Railway Company v. Morgan, Fla.App. 1968, 213 So.2d 632; Miami Beach Lerner Shops, Inc. v. Walco Mfg. of Florida, Inc., Fla. App. 1958, 106 So.2d 233.
Therefore, for reasons above stated, the order granting the new trial is reversed, with directions to deny the motion for new trial and permit the final judgment on the verdict in the amount of $18,000 to stand.
Reversed and remanded, with directions.
NOTES
[1] On appeal from the granting of the motion for new trial, this case is to be reviewed in a light most favorable to the non-movant, appellant herein. Jefferson Stores, Inc. v. Caudell, Fla.App. 1969, 228 So.2d 99, and cases cited therein. Such a view of the facts, summarily stated, shows that plaintiff and his 10 year old son entered the appellee's department store on a Sunday afternoon; that the plaintiff allowed his son to try on and continue wearing a pair of shoes and socks; that the plaintiff was at all times aware of his son's wearing the goods and that he had taken precautions to store the labels so that he would be sure to pay for the goods at the check-out counter; that the plaintiff wrote a check covering all his purchases except the shoes; that he was apprehended by store security officers and taken to a detention room, where the shoes were recovered; that the plaintiff was coerced and unreasonably interrogated by the security officers in the presence of his son for over three hours, the ostensible purpose of which was to secure his signature on an "admission and release"; that threats were made to and against his infant son; that, at the conclusion of the interrogation at the store, plaintiff was turned over to the police, after which he was arrested, booked and jailed; that the plaintiff was freed on bond and later stood trial on an information for petit larceny, wherein he was adjudicated not guilty; that his arrest gained publicity among plaintiff's friends and business associates and consequently, his business and social reputations were impaired.