286 So.2d 225 (1973)
Anthony G. GIACOIO, Appellant,
v.
Grace GIACOIO, Appellee.
No. 73-956.
District Court of Appeal of Florida, Third District.
December 4, 1973.
Sinclair, Louis & Siegel and James F. Dougherty, II, Miami, for appellant.
Jones, Paine & Foster and George H. Bailey, West Palm Beach, for appellee.
Before BARKDULL, C.J., and PEARSON and CARROLL, JJ.
PER CURIAM.
This is an appeal from a post-judgment order denying appellant's petition for modification of a final judgment of dissolution of marriage by changing custody of the children from the mother to the father. The cause was bitterly contested in the trial court and the record is voluminous. Appellant contends that the trial court misapplied the law by using an incorrect standard of proof and abused its discretion in failing to grant the requested change in custody. In addition, appellant contends that the trial court abused its discretion by restricting appellant's rights of visitation granted under the final judgment.
We have examined the record in light of the arguments expressed by the parties and reach the conclusion that the evidence, although conflicting, substantially supports the decision of the trial judge. Therefore, the decision is affirmed. See Aronson v. Aronson, Fla.App. 1969, 227 So.2d 214.
Appellant's additional point urging error upon the basis of the trial court's change in appellant's visitation rights without a specific prayer therefore does not present error under the principle stated in Scheer v. Scheer, Fla.App. 1961, 132 So.2d 456. Furthermore, the record reveals emotional conflict between the appellant and the appellee which was affecting the children. Under these circumstances, the trial court had the right to make such an order as would appear proper for the protection of the interests of the children. Cf. McCown v. McCown, Fla.App. 1964, 167 So.2d 250.
Affirmed.