293 So.2d 404 (1974)
Ricky Dean CHAFFIN, Appellant,
v.
Debra Joe GRIGSBY, Also Known As Debra Joe Chaffin, Appellee.
No. 74-120.
District Court of Appeal of Florida, Fourth District.
April 26, 1974.
Robert G. Murrell of Sam E. Murrell & Sons, Orlando, for appellant.
No appearance for appellee.
CROSS, Judge.
Appellant-father, Ricky Dean Chaffin, seeks review of an order conditioning visitation privileges with a child.
On September 29, 1972, the circuit court entered a final judgment dissolving the marriage of appellant, Ricky Dean Chaffin, and appellee, Debra Joe Grigsby, a/k/a Debra Joe Chaffin. The final judgment awarded custody of the parties' minor child, Ryan Heath Chaffin, to the appellee, reserving to the appellant the right of reasonable visitation. The appellant was ordered to pay child support.
A petition to define visitation was filed by the appellant. On December 19, 1973, after hearing, the circuit court entered an order which delineated the appellant's visitation rights. The order also provided:
"Such provisions for visitation by the father shall be conditioned upon his being current hereafter in his payments for child support which may hereafter accrue unless otherwise relieved by order of the court from making such payments."
It is from this order defining visitation that the appellant takes an interlocutory appeal.
The appellant contends that the circuit court erred in conditioning his right of visitation on timely payment of future child support as required by the terms of the final judgment. We agree.
The right of visiting a minor child of the parties to a divorce proceeding should never be denied either parent so long as he or she conducts himself or herself, while in the presence of such children, in a manner which will not adversely affect the morals or welfare of such progeny. This right may not be conditioned on the timely payment of child support. The circuit court has at its disposal a wide variety of methods to coerce compliance with the terms of the final decree of divorce. Howard v. Howard, 143 So.2d 502 (Fla. App. 1962).
In the instant case, the above quoted provision conditions the appellant's right to visit his minor daughter upon timely payment *405 of future child support. This is improper. Therefore, the provision is stricken from the circuit court's order defining visitation. In all other respects the order defining visitation is affirmed.
Affirmed, as modified.
WALDEN and MAGER, JJ., concur.