351 So.2d 1122 (1977)
Daewid HECHLER, Appellant,
v.
Marita HECHLER, Appellee.
Nos. 76-1718, 76-1773.
District Court of Appeal of Florida, Third District.
November 15, 1977.
Sepler & Hernandez and Irma V. Hernandez, Hialeah, for appellant.
Norman K. Schwarz, Miami Beach, for appellee.
Before BARKDULL, HAVERFIELD and HUBBART, JJ.
BARKDULL, Judge.
Daewid Hechler, petitioner/husband, appeals a final judgment of dissolution of *1123 marriage and an award of attorney fees and costs.
The appellant originally filed this action, seeking a divorce. His wife counterclaimed, seeking an award of alimony, child support, rescission and cancellation of a second mortgage on the marital home. In its final judgment dissolving the marriage, the trial court ordered the husband [among other things] to pay child support for the couple's two minor children; that a second mortgage of $20,000.00 on the home was the husband's sole responsibility, since it had not been executed with all of the formalities required by law and apparently no consideration from a third party had passed for the mortgage; and to refrain from visiting one of the minor children [his adopted daughter], the natural child of the wife. The trial court also ordered the husband to pay the wife's attorney's fees and court costs of $3,142.00 and to pay an expert witness fee of $150.00 for one of the wife's witnesses.
The appellant contends the trial court erred in finding that the second mortgage and note were not executed according to law.[1] He also contends the trial court erred in denying the husband visitation rights with the couple's minor daughter, since the father has the same rights regarding his adopted child as he has regarding his natural child. He further contends that the trial court erred in awarding the wife attorney fees, since the husband was unemployed at the time of the hearing and had been unemployed for some time prior thereto. Lastly, he contends the trial court erred regarding the payment of the expert witness fee, since the expert's services were only incidental and the wife's assets exceed that of the husband.
We disagree, and affirm. As to the second mortgage, the appellant was already responsible for one-half of the note and mortgage; both parties, in their pleadings requested that the chancellor make a disposition of this obligation. From the record, the chancellor found it was not a bona fide obligation; she could not cancel it of record because she did not have the mortgagee as a party so she did equity between the parties by making the appellant solely responsible for the payment of this obligation which, it appears, may not have been a bona fide indebtedness. But even if it was, it was an indebtedness due to the appellant or his father. Further, if the appellant should prevail on this point, the matter would have to be returned to the trial court to reevaluate the alimony accorded to the wife and, from other matters and things that appear of record [such as the potential flight of the appellant out of the country], the chancellor would be justified in requiring the appellant to discharge this obligation and relieve the wife of any responsibility as lump sum alimony.
As to the second point urged for reversal, it is true that a trial court may not condition visitation on the payment of support payments. Howard v. Howard, 143 So.2d 502 (Fla. 3rd DCA 1962); Chaffin v. Grigsby, 293 So.2d 404 (Fla. 4th DCA 1974). But, certainly in the best interest of the minor child, it can limit or prevent visitation. Cf. Scheer v. Scheer, 132 So.2d 456 (Fla. 3rd DCA 1961); Cortina v. Cortina, 108 So.2d 63 (Fla. 2d DCA 1958); Giacoio v. Giacoio, 286 So.2d 225 (Fla. 3rd DCA 1973). In the instant action, the chancellor prevented visitation for a three-month period because of evidence that demonstrated the adopted child was in fear of the appellant. The chancellor, at all times, has the power to alter a visitation order. Cone v. Cone, 62 So.2d 907 (Fla. 1953); Rhoades v. Bohn, 114 So.2d 493 (Fla. 1st DCA 1959); Sapp v. Sapp, 275 So.2d 43 (Fla. 2d DCA 1973). And, in this particular case, she invited a petition to review the limitation of visitation to be filed after the three-month period. There is nothing in the record to indicate that the appellant has ever availed himself of either the general authority or the specific authority, retained in the instant case, to review this visitation order.
*1124 The other points urged for reversal are found to be without merit. Holton v. Holton, 216 So.2d 35 (Fla. 3rd DCA 1968); Norton v. Norton, 328 So.2d 484 (Fla. 1st DCA 1976).
Therefore, the final judgment of dissolution of marriage appealed herein be and the same is hereby affirmed.
Affirmed.
NOTES
[1] It is noted that he does not allege error in the trial court's finding that there was no consideration for the note and mortgage.