365 So.2d 180 (1978)
Edward Franklin ACKER, Appellant,
v.
Gail Lynn ACKER, Appellee.
No. 77-1581.
District Court of Appeal of Florida, Fourth District.
November 22, 1978.
Rehearing Denied January 9, 1979.
*181 Arthur M. Wolff, of Wolff & Gora, Fort Lauderdale, for appellant.
Robert J. O'Toole, Fort Lauderdale, for appellee.
BERANEK, Judge.
In this post decretal domestic matter the husband/appellant contests an order wherein his child visitation was conditioned on timely payment of child support. Appellant relies upon Hechler v. Hechler, 351 So.2d 1122 (Fla. 3d DCA 1977); Chaffin v. Grigsby, 293 So.2d 404 (Fla. 4th DCA 1974); and Howard v. Howard, 143 So.2d 502 (Fla. 3d DCA 1962), each of which holds that the right to child visitation may not be conditioned upon timely payment of child support. We reverse but take this occasion to comment upon the problem involved.
In the instant situation appellant had not paid child support for approximately three years which was almost the entire time the parties had been divorced. During most of this time appellant clearly had the ability to pay support. Despite his own non-compliance appellant filed a motion to hold his former wife in contempt for her alleged failure to allow child visitation. On the day of the hearing on his motion for contempt, the husband, at long last, tendered a $25.00 payment toward future child support. The husband's conduct was both willful and intentional and clearly detrimental to the welfare of the infant child. Under such factual settings the above cited cases do not require that the appellant be allowed visitation. The above authorities instead sought to prohibit the placing of inflexible future conditions on the right to visit one's child. Obviously, the right to visit does not terminate upon an excusable failure to pay child support. Conversely, in the face of a willful and intentional refusal to pay child support which is detrimental to the welfare of the child, the right to child visitation may be terminated. The court's continuing jurisdiction is available in regard to further application for reinstatement of visitation.
In this case the Court did not terminate the husband's child visitation but instead conditioned future child visitation on timely payment without regard to the genuine possibility of excusable failure. Although this order was in part invited by the husband's actions and pleadings, we feel the Court below did err and this matter is thus reversed for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
LETTS and MOORE, JJ., concur.