395 So.2d 590 (1981)
Charles D. FRAZIER, Appellant,
v.
Catherine K. FRAZIER, Appellee.
No. 80-675.
District Court of Appeal of Florida, Second District.
March 18, 1981.
*591 Jack F. White, Jr., Clearwater, for appellant.
Watson R. Sinden of McClure & Turville, St. Petersburg, for appellee.
CAMPBELL, Judge.
Charles D. Frazier appeals from a final judgment of dissolution of marriage and advances four points for our consideration. The only meritorious point is directed to the provision of the final judgment that conditioned his future visitation rights with his minor children on his timely payment of child support.
During the course of the dissolution proceeding, appellant willfully refused to keep his child support payments current. Such conduct is reprehensible, and the trial court's condition on visitation privileges was obviously directed to prevent such future conduct. However, on the authority of Acker v. Acker, 365 So.2d 180 (Fla. 4th DCA 1979); Hechler v. Hechler, 351 So.2d 1122 (Fla. 3d DCA 1977); Chaffin v. Grigsby, 293 So.2d 404 (Fla. 4th DCA 1974); and Howard v. Howard, 143 So.2d 502 (Fla. 3d DCA 1962), such conditioning of future visitation rights is improper.
We, therefore, reverse the final judgment in regard to the condition placed on appellant's visitation rights and strike the stated condition, "as long as his child support is kept current." This would not prevent the court from disallowing in the future specific visitation rights upon a showing of willful failure to pay child support. See Acker v. Acker, supra. The final judgment is affirmed in all other respects.
BOARDMAN, Acting C.J., and GRIMES, J., concur.