398 So.2d 491 (1981)
Walter OLSON, Appellant,
v.
Beverly OLSON, Appellee.
No. 80-1786.
District Court of Appeal of Florida, Third District.
May 19, 1981.
Keith, Mack, Lewis & Allison and Kim R. Blackman, Miami, for appellant.
Solomon & Mendelow and Harold Mendelow, Miami Springs, for appellee.
Before SCHWARTZ, DANIEL S. PEARSON and FERGUSON, JJ.
PER CURIAM.
We affirm with one exception the post-decretal order of the trial court adopting, in toto, the Special Master's report. The Special Master's report requires Walter Olson to pay an amount of child support determined to be past due as a condition precedent to the exercise of child visitation rights accorded him. The imposition of this condition precedent is impermissible. Chaffin v. Grigsby, 293 So.2d 404 (Fla. 4th DCA 1974); Howard v. Howard, 143 So.2d 502 (Fla. 3d DCA 1962). Accord, Hechler v. Hechler, 351 So.2d 1122 (Fla. 3d DCA 1977). Cf. Dubocq v. Dubocq, 338 So.2d 67 (Fla. 3d DCA 1976) (court cannot condition husband's right to temporary custody on failure to comply with each and every provision of final judgment of dissolution). See Yandell v. Yandell, 39 So.2d 554 (Fla. 1949).[1]
Affirmed in part; reversed in part, and remanded with directions to amend the order approving and adopting the Special Master's report in accordance with this opinion.
NOTES
[1] The wife, relying upon Acker v. Acker, 365 So.2d 180 (Fla. 4th DCA 1979), argues that a court is empowered to condition the right to child visitation where there is a refusal to pay child support. Acker stands alone in its dicta that "a willful and intentional refusal to pay child support which is detrimental to the welfare of the child" is a basis for terminating child visitation rights. But its alien existence aside, it is inapplicable to a case, as here, where there is neither a showing nor finding of the husband's obstinacy or ability to pay. Indeed, in the present case the Special Master recommended, and the court approved, a reduction in child support payments based on a substantial decrease in the husband's earnings since the dissolution of the marriage in 1975.