PER CURIAM.
This is an interlocutory appeal from an order relating to child custody brought pursuant to Rule of Appellate Procedure 9.130(3)(C)(iii). The parties were divorced in 1981. The judgment contained a provision allowing the husband reasonable visitation privileges. The initial divorce decree was uncontested but since that time the *1188 parties have found it necessary to go to court quite often regarding child custody matters and issues of contempt regarding visitation. Unfortunately, the matter has been before several different judges. The husband now appeals an order entered December 21, 1983, contending that the trial court erroneously restricted his visitation privileges. The former wife has not favored this court with a brief.
We affirm with the following cautionary comments. The order in question of December 21, 1983, maintained the husband’s visition privileges in accordance with a prior schedule entered as a result of an emergency hearing. The husband was allowed to visit on alternate weekends. The order provides that all parties are to proceed with mental health counseling and to undergo phychological evaluations concerning ability to care for and provide for the minor children of the parties. The Department of Health and Rehabilitative Services was to furnish the court with various evaluations. The hearing resulting in the order of December 21, 1983, was really only a discussion between the trial judge and the various parties. During this discussion, the parties agreed to submit to psychological evaluation and counseling. The face of the trial court’s order makes it quite clear that it is of a temporary nature and that further proceedings are to occur regarding readjustment and enlargement of the husband’s visitation privileges. Proceedings regarding child visitation and custody are continuing in nature. Trial courts possess continuing jurisdiction to effectuate a plan that will best serve the welfare of the child and the rights of the parties. Diaco v. Diaco, 363 So.2d 183 (Fla. 2d DCA 1978), and Hechler v. Hechler, 351 So.2d 1122 (Fla. 3d DCA 1977). The order under appeal is, at most, a temporary solution and under the circumstances, we do not conclude that the trial court has abused its discretion. The order is therefore affirmed.
AFFIRMED.
BERANEK, HERSEY and DELL, JJ., concur.