495 So.2d 863 (1986)
Phillip MADDUX, Appellant/Cross Appellee,
v.
Carol MADDUX, Appellee/Cross Appellant.
No. 85-2051.
District Court of Appeal of Florida, Fourth District.
October 8, 1986.
*864 L. Murray Fitzhugh of L. Murray Fitzhugh, P.A., Stuart, for appellant/cross appellee.
Andrew T. Coutant of Andrew T. Coutant, P.A., Stuart, for appellee/cross appellant.
GUNTHER, Judge.
Appellant appeals a final judgment of dissolution of marriage.
The issues on appeal are whether the trial court erred in awarding the wife child support and rehabilative alimony amounting to 108% of the husband's income and by conditioning the husband's visitation rights upon his payment of child support.
Both parties agree the trial court erred in conditioning the husband's visitation rights on the payment of child support. Visitation rights may not be conditioned on the timely payment of child support. Acker v. Acker, 365 So.2d 180, 181 (Fla. 4th DCA 1978); Chaffin v. Grigsby, 293 So.2d 404 (Fla. 4th DCA 1974).
Therefore, we reverse and remand to the trial court to amend the final judgment to delete this condition imposed upon child visitation.
However, we affirm the award of child support and rehabilitative alimony because there is competent, substantial evidence to support the trial court's award in excess of the husband's claimed present income.
The husband testified he was currently authorized to do business as a registered landscape architect in Florida, and has been one since 1966. For the past two years, the husband voluntarily lowered his salary from $500 a week to $200 a week because of business difficulties. He claims a potential salary between $12,000 and $18,000 a year if he returns to work for a small developer or a large landscape architect firm. He anticipates a weekly salary of between $250 to $350, perhaps more, but believes he would have a better chance if he was on his own making planting plans for individuals and developers. In the recent past, the husband has earned up to $38,000 a year. This evidence supports the trial court's finding that the husband has sufficient expertise and skill to reestablish himself as a landscape architect capable of supporting his children and paying two years of rehabilitative alimony.
Where a former husband has an ability to earn if he so desires, the trial judge may impute an income to the husband according to what he could earn by the use of his best efforts to gain employment equal to his capabilities, and on that basis enter an award of alimony as if the husband were in fact earning the income so imputed. Desilets v. Desilets, 377 So.2d 761, 764 (Fla. 2d DCA 1979). In such a situation, an award of alimony entirely exhausting the husband's actual income may be a proper exercise of the trial judge's discretion. Bradley v. Bradley, 347 So.2d 789 (Fla. 3d DCA 1977). Additionally, a trial judge may consider the "earning capacity," not just the income alone, as a factor in determining alimony. Gallant v. Gallant, 468 So.2d 479, 480 (Fla. 2d DCA 1985); Platt v. Platt, 103 So.2d 253, 255 (Fla. 1st DCA 1958).
AFFIRMED IN PART; REVERSED IN PART, AND REMANDED.
DOWNEY and WALDEN, JJ., concur.