497 So.2d 925 (1986)
In the Interest of D.F.W. Jr.
DEPARTMENT OF H.R.S., Appellant,
v.
Devel F. WESLEY, Appellee.
No. 86-34.
District Court of Appeal of Florida, Fifth District.
November 13, 1986.
Charles L. Carlton of Carlton & Carlton, P.A., Lakeland, for appellant.
No appearance for appellee.
COWART, Judge.
Appellee was adjudicated to be the father of a dependent child and ordered to pay $50 per month child support. Because the child's mother was receiving public assistance benefits, appellant H.R.S. was entitled to collect and receive the support payments under section 409.2561, Florida Statutes. Alleging that the father was in arrears in payment of child support, H.R.S. moved the court to enforce the support obligation by contempt proceedings. After hearing, the trial court found an arrearage of $982.50 and also found that the father had the ability to pay. However, at the hearing the defendant complained to the judge that he had not paid child support because the child's mother had refused or frustrated his attempts to visit the child and for that reason the court ordered "that the defendant is not found to be in contempt and his obligation to pay support is terminated or suspended indefinitely." H.R.S. appeals.
*926 The trial court also expressly found that "no order of visitation has been entered nor has a request for visitation been made by the defendant." The father's duty to pay child support and his right to visit his child should not be confused or commingled. If the father desires visitation he should petition the court to adjudicate his right to visitation and have that matter heard after due notice. If the court establishes a right of visitation it should specify the times, places, and circumstances of such visitation. Then if the child's mother interferes with that visitation, it should be specifically enforced against her by utilization of the contempt power of the court. The right of the child, or H.R.S., to receive child support from the father should not be barred because of the mother's actions nor should those rights be compromised or bargained away in exchange for the father's visitation rights. The child is entitled to be visited by its father, and it and H.R.S. also have the right to receive child support from the father.[1]
The trial court cannot modify a support order or other adjudicated right unless the court's subject matter jurisdiction has been properly invoked by appropriate pleadings, and that invoked jurisdiction has been perfected by the proper service of process and due process notice and an opportunity to be heard on that issue has been had. None of this was done here. See Cortina v. Cortina, 98 So.2d 334 (Fla. 1957); Manning v. Varges, 413 So.2d 116 (Fla. 2d DCA 1982).
The language quoted above declining to find the defendant in contempt and attempting to terminate or suspend his obligation to pay child support is vacated and set aside and the cause is remanded with directions to the trial court to enforce appellee's duty of support pursuant to general law and section 409.2561, Florida Statutes.
ORDER MODIFIED; CAUSE REMANDED.
COBB, J., concurs.
SHARP, J., concurs specially with opinion.
SHARP, Judge, concurring specially.
I agree the order appealed from should be reversed because appellee failed to allege lack of visitation as an affirmative defense,[1] and because appellee had no court ordered visitation rights to begin with.[2] However, the remainder of our holding, that on remand the trial court must not condition payment of child support on visitation rights, should be put into proper historical context.
There is an unfortunate long line of Florida cases which have permitted the denial of visitation rights by a custodial parent as a defense to a child support enforcement proceeding, and to serve as the basis for a judgment denying enforcement of child support arrearages. See Satterfield v. Satterfield, 39 So.2d 72 (Fla. 1949); Phillips v. Adams, 339 So.2d 665 (Fla. 4th DCA 1976); Clawson v. Clawson, 125 So.2d 104 (Fla. 3rd DCA 1960), cert. denied, 129 So.2d 138 (Fla. 1961); Craig v. Craig, 157 Fla. 710, 26 So.2d 881 (1946). The rationale was that judicial withholding of support was an effective means to force the custodial parent to comply with a visitation decree. See Craig v. Craig, 157 Fla. 710, 26 So.2d 881 (Fla. 1946); Warrick v. Hender, 198 So.2d 348 (Fla. 4th DCA 1967); Denton v. Denton, 147 So.2d 545 (Fla. 2d DCA 1962). However, the entirely logical reciprocal proposition in favor of the custodial parent was roundly rejected by the courts. Visitation could not be denied or conditioned upon payments of child support. *927 Howard v. Howard, 143 So.2d 502 (Fla. 3rd DCA 1962).[3]
In Armour v. Allen, 377 So.2d 798 (Fla. 1st DCA 1979), the court held that waiver by a custodial parent was not a valid defense in a suit to enforce child support arrearages. The rationale was broad enough to encompass the visitation denial defense. However, the First District did not apply it in Wing v. Wing, 464 So.2d 1342 (Fla. 1st DCA 1985), a case in which denial of visitation rights was allowed to defeat a suit for child support arrearages under "exceptional circumstances." Notably, in O'Brien v. O'Brien, 424 So.2d 970 (Fla. 3rd DCA 1983), denial of visitation where the dissolution decree failed to provide for visitation was held not to be an extraordinary circumstance justifying denial of child support.
Although the Florida courts were apparently in the process of commencing a retreat from permitting denial of visitation as an affirmative defense, the legislature has now acted. In URESA cases, section 88.271 expressly forbids use of denial of visitation rights as a defense. It provides:
The determination or enforcement of a duty of support owed to one petitioner is unaffected by any interference by another petitioner with rights of custody or visitation granted by a court.
In interstate enforcement cases, payment cannot be conditioned upon allowing visitation. Department of Health and Rehabilitative Services v. Ciferni, 429 So.2d 92 (Fla. 2d DCA 1983); Davis v. Davis, 376 So.2d 430 (Fla. 1st DCA 1979); Vecellio v. Vecellio, 313 So.2d 61 (Fla. 4th DCA 1975).
New section 61.13(4)(a) and (b) effective October 1, 1986, Chapter 86-220, Florida Session Law Service, 1986 Laws, now makes the law uniform in cases where the parents are both residents of Florida, and it is not a URESA case. It provides:
(a) When a noncustodial parent who is ordered to pay child support or alimony and who is awarded visitation rights fails to pay child support or alimony, the custodial parent shall not refuse to honor the noncustodial parent's visitation rights.
(b) When a custodial parent refuses to honor a noncustodial parent's visitation rights, the noncustodial parent shall not fail to pay any ordered child support or alimony.
Id. at 189.
Since this is not a URESA case, on remand, the new law will require that appellee may not raise the denial of visitation as a defense to appellant's suit to collect and receive child support payments pursuant to section 409.2561, Florida Statutes. I therefore concur in the majority opinion for the reasons stated herein.
NOTES
[1] See Robinson v. HRS, 473 So.2d 228 (Fla. 5th DCA 1985).
[1] Syncom Corp. v. Bank Leumi Trust Co. of N.Y., 479 So.2d 207 (Fla. 3rd DCA 1985) (failure to plead affirmative defense constitutes waiver); Phillips v. Adams, 339 So.2d 665, 666 (Fla. 4th DCA 1976) (refusal to allow visitation is an affirmative defense).
[2] O'Brien v. O'Brien, 424 So.2d 970 (Fla. 3rd DCA 1983).
[3] See also Frazier v. Frazier, 395 So.2d 590 (Fla. 2d DCA 1981); Acker v. Acker, 365 So.2d 180 (Fla. 4th DCA 1978); Hechler v. Hechler, 351 So.2d 1122 (Fla. 3rd DCA 1977); Chaffin v. Grigsby, 293 So.2d 404 (Fla. 4th DCA 1974); Howard v. Howard, 143 So.2d 502 (Fla. 3rd DCA 1962).