CAMPBELL, Judge.
Appellant husband appeals a final judgment of dissolution of marriage. He raises only two issues on appeal.
In the first issue, he urges that the trial court erred when it awarded wife $200 per week as child support for a minor child that suffers from Downs Syndrome. The child is fifteen years of age and is a full-time resident student at a special school in Tennessee. Husband is required to pay all school, training and educational expenses of the child, including tuition, books and supplies. Wife is not responsible for any of the school expenses. The evidence indicates the child comes to visit the mother in her home only twice a year, during her vacation and at Christmas. The award of the additional $200 per week as child support is not supported by evidence of any demonstrated need of the child and we therefore reverse the award. On remand, the trial judge may require husband to pay the child’s necessary and reasonable travel expenses between home and school. In addition, the trial judge may award as child support to wife any periodic sum that she can demonstrate to be necessary for any additional expenses she may incur on behalf of the child. If, of course, the child should cease to be enrolled as a fulltime student, the child support awards may be modified as that change of circumstance should warrant.
Husband’s other issue concerns alimony awards. Wife was awarded $200 per week as permanent periodic alimony and was granted, as lump sum alimony, all of husband’s interest in the marital home, subject to wife’s payment of the mortgage debt on the home.
Husband urges that the trial court erred when it considered husband’s marital infidelity in fashioning the alimony awards. Such consideration in fashioning an alimony award as punishment to an unfaithful husband is error. Noah v. Noah, 491 So.2d 1124 (Fla.1986). While we can find no useful or beneficial purpose in the trial court’s written findings and comments in the final judgment pertaining to husband’s alleged infidelity, we cannot conclude that the alimony awards were based upon those statements. We find ample evidence in the record based upon wife’s need and husband’s ability to comply to support the alimony awards.
We therefore reverse in part and affirm in part and remand for treatment consistent herewith.
SCHEB, A.C.J., and FRANK, J., concur.