MILLS, Judge.
William E. Peterson appeals from a non-final order terminating visitation for nonpayment of child support. We have jurisdiction pursuant to Rule 9.130(a)(4), Fla.R. App.P. We reverse.
The parties herein were married in 1980 and produced one child in 1981. The final judgment of dissolution was entered in November 1985, granting primary custody of the child to the wife and visitation rights to Peterson. Based upon his then monthly income of $800.00, Peterson was ordered to pay $150.00 per month in child support, plus $50.00 per month against support ar-rearages which had accumulated during the period before final judgment was entered.
The ensuing months brought numerous motions for contempt from both parties, the wife alleging failure to pay child support, Peterson alleging wrongful denial of visitation. In November and December 1986, Peterson filed pro se motions for modification of his child support obligations based on allegations of illness and inability to pay. These motions were heard in April 1987 after which, despite evidence of Peterson's illness and a reduction in his income from $800.00 per month to $200 per month in welfare benefits, the trial court denied Peterson’s motions for modification and further held him in “willful contempt” for failure to pay child support.
Despite the stated denial of modification of child support, the order went on to provide that “due to the financial status of petitioner (Peterson), the court will reduce the monthly child support obligation from $150.00 to $75.00 per month”; the wife does not challenge this reduction. The order concluded that “visitation would be reinstated” if Peterson paid his May child support payment by 2 May and continued to keep it current. It is not clear if visitation had been terminated orally at the April hearing or by some other written order which does not appear in the record.
On 5 May 1987, the court entered another order noting that Peterson had not paid his child support as required by the first order and stating that “the court hereby stays petitioner’s visitation with the minor child until he complies [with the 1 May order].”, reinstatement of visitation to be considered at such time as Peterson should appear and show that his child support was current. This appeal followed, on the sole issue of whether the trial court erred in conditioning Peterson’s visitation rights on the payment of child support.
It is the general rule that visitation may not be changed or denied based merely on nonpayment of child support. Howard v. Howard, 143 So.2d 502 (Fla. 3d DCA 1962); Chaffin v. Grigsby, 293 So.2d 404 (Fla. 4th DCA 1974); Heckler v. Heckler, 351 So.2d 1122 (Fla. 3d DCA 1977); Wing v. Wing, 464 So.2d 1342 (Fla. 1st DCA 1985), Wentworth, J., specially concurring; Maddux v. Maddux, 495 So.2d 863 (Fla. 4th DCA 1986).
However, there are some cases holding that, while the right to visitation does not terminate upon an excusable failure to pay support, in the face of a willful and intentional refusal to pay child support which is detrimental to the welfare of the child, the right to visitation may be terminated. Acker v. Acker, 365 So.2d 180, 181 (Fla. 4th DCA 1978). See also Nalley v. Nalley, 406 So.2d 1240 (Fla. 1st DCA 1981) (a trial court can limit or prevent visitation when it is in the best interest of the child). Therefore, it appears that a trial court can terminate a parent’s right to visitation with a minor child for nonpayment of support only when the nonpayment has been wilful and intentional and detrimental to the welfare of the child so that termination would be in the child’s best interest. '
Implicit in a finding of “willful and intentional refusal” to pay support is the ability to pay. See Olson v. Olson, 398 So.2d 491 (Fla. 3d DCA 1981) wherein, as in the instant case, the trial court required the husband to pay an amount of past due child support as a condition precedent to the exercise of his visitation rights. The appellate court reversed, holding Acker inappli *1353 cable where there is neither a showing or finding of obstinacy or ability to pay. Relative to that point, the Olson court noted that, in the same order which terminated visitation for nonpayment of support, the trial court approved a reduction in child support payments based on a decrease m the husband’s earnings.
In the instant case, although the trial court found Peterson in “willful” contempt for nonpayment of support, withholding visitation until the payments were brought current, at the same time it halved his support obligation from $150.00 to $75.00 per month, specifically based on “the financial status of the petitioner”. We cannot hold these equivocal findings sufficient to support the drastic measure of terminating visitation. As has been noted, a court has at its disposal a wide variety of other methods to coerce compliance with a final judgment of divorce. Howard at 504; Chaffin at 404.
Reversed.
ERVIN and NIMMONS, JJ., concur.