SMITH, Chief Judge.
The parents of J.R.K. appeal an order in a child dependency case assessing a support arrearage and providing that the parents shall have no visitation with the child until the arrearage is paid in full. We reverse.
In an earlier disposition order under Chapter 39, Florida Statutes (1987), the father of this dependent child was ordered to “financially support” him. The child was placed in the custody of a paternal aunt. In the predisposition study prepared for the disposition hearing, it was reported that the father had been supporting his child through request purchases of diapers, food, milk, and clothing. At the time, the father was employed as a laborer and the mother was unemployed.
Several months later, a motion for review of custody was filed because, among other things, there had been problems surrounding support for the minor child, and a specific support order was needed. At the hearing, a representative from the Department of Health and Rehabilitative Services reported that the father had not been paying any support, although the parties had *652 informally agreed that he would pay $30.00 a week. The trial court determined that the father could afford to pay $40.00 a week, and that the mother, who had begun to work, could pay $15.00 a week. In an order dated August 11, 1988, the parents were ordered to pay these sums through the Domestic Relations Depository. In addition, the father was ordered to pay an arrearage of $40.00 per week, and the order was made retroactive to April 25, 1988, the date when the disposition order had been entered. The court further ordered that the parents would have no visitation with the child until the arrearage was paid in full.
It was error for the trial court to find an “arrearage” of $40.00 a week when the earlier disposition order did not fix a specific amount of support. Zoercher v. Zoercher, 114 So.2d 728 (Fla. 2nd DCA 1959). Although the court can determine that there is an obligation for back support provided to the child by others, which it is the father’s responsibility to pay, the amount must be based on evidence of the child’s support needs during that period and the father’s ability to pay, less any contributions he might have made in the form of diapers, milk, clothes, food, or other forms of support. See Harrell v. Harrell, 171 So.2d 214, 216 (Fla. 1st DCA 1965). In this case, there is no evidence upon which the trial court could base the requirement for payment of $40.00 a week in back support.
The court also erred in conditioning the parents’ visitation with the child on the father paying the arrearage. Peterson v. Jason, 513 So.2d 1351 (Fla. 1st DCA 1987); Howard v. Howard, 143 So.2d 502 (Fla. 3d DCA 1962); see generally, 26 Fla.Jur.2d, Family Law, § 557.
REVERSED and REMANDED for proceedings consistent with this opinion.
ERVIN and NIMMONS, JJ., concur.