PER CURIAM.
This is an appeal by the wife Judith Zucker from a final judgment of marriage dissolution which was entered after protracted proceedings below. We affirm in part and reverse in part.
First, we conclude that the trial court erred in valuing the husband’s interest in the North Miami Medical Center at $30,816; the evidence, without material dispute, establishes that such interest is valued at $40,816. Moreover, we further conclude that the trial court erred in failing to include a $20,000 note owned by the North Miami Medical Center as part of the marital estate herein. Inasmuch as the trial court determined in the final judgment that each party should receive a 50% equitable distribution of the marital assets, the aforesaid valuation errors mean that the wife is entitled to $15,000 more in equitable distribution than that which she received below; upon remand, the trial court is directed to award the wife an additional $15,000 in marital property as equitable distribution. See Rodriguez v. Rodriguez, 550 So.2d 16 (Fla. 3d DCA 1989); Buttner v. Buttner, 484 So.2d 1265, 1266-67 (Fla. 4th DCA), rev. denied, 494 So.2d 1149 (Fla.1986); Craig v. Craig, 404 So.2d 413 (Fla. 4th DCA 1981); cf. Clemson v. Clemson, 546 So.2d 75, 77-78 (Fla. 2d DCA 1989).
Second, we find no merit in the balance of the wife’s points on appeal. In particular, we find no abuse of discretion in the trial court’s decision to award the wife rehabilitative alimony in the amount of $3,000 a month for three and a half (3¾⅛) years and $2,500 a month for three (3) years thereafter — and to award the wife $1,500 a month in permanent alimony at the expiration of the rehabilitative alimony. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Shaw v. Shaw, 334 So.2d 13, 16-17 (Fla.1976); Vasquez v. Vasquez, 443 So.2d 313, 314 (Fla. 4th DCA 1983), rev. denied, 451 So.2d 851 (Fla.1984); Creel v. Creel, 378 So.2d 1251, 1253 (Fla. 3d DCA 1979), cert. denied, 388 So.2d 1111 (Fla. 1980); Donner v. Donner, 281 So.2d 399 (Fla. 3d DCA), cert. denied, 287 So.2d 679 (Fla.1973); Harrell v. Harrell, 171 So.2d 214, 216 (Fla. 1st DCA 1965); cf. In re J.R.K., 541 So.2d 651, 652 (Fla. 1st DCA 1989); Griffin v. Griffin, 510 So.2d 360 (Fla. 2d DCA 1987).
Affirmed in part; reversed in part.
SCHWARTZ, C.J., and GERSTEN, J., concur.